Linda **SUNDBERG**, for herself and as next friend of her children, Bryan Sundberg, Summer Sundberg, and Bradley Sundberg, Plaintiffs,

v.

Agnes Mary **MANSOUR**, Director of the Michigan Department of Social Services, Kevin Seitz, Director of the Medical Services Administration of the Department of Social Services and the Michigan Department of Social Services, Defendants.

Barbara **PHILLIPS**, for herself and as next friend of Nicholas Lane Phillips, her son, and others similarly situated, Plaintiffs,

v.

Agnes Mary **MANSOUR**, Director of Michigan Department of Social Services, Paul Allen, Director of the Medical Services Administration of the Department of Social Services and the Michigan Department of Social Services, Defendants and Third-Party Plaintiffs,

v.

Otis R. **BOWEN**, M.D. Secretary of Health and Human Services, Third-Party Defendant.

Nos. G85–826, K85–99.

United States District Court, W.D. Michigan, S.D.

Jan. 29, 1986.

David Kirschenheiter, Berrien County Legal Services Bureau, Inc., St. Joseph, Mich., Kathleen Gmeiner, Michigan Legal Services, Detroit, Mich., for plaintiffs.

Robert N. Rosenberg, Asst. State Atty. Gen., Lansing, Mich., Daniel M. LaVille, Asst. U.S. Atty. Gen., Grand Rapids, Mich., James R. Goeser, Asst. Regional Atty., Dept. of Health and Human Services, Chicago, Ill., for defendants.

## OPINION

ENSLEN, District Judge.

Presently before the Court in this consolidated class-action proceeding are the parties' cross-motions for summary judgment. The Court heard oral argument on these motions on December 13, 1985. At that time, it granted plaintiffs' motion for a preliminary injunction (as to the named plaintiffs) and took the parties' motions for summary judgment under advisement. The Court agrees with the parties that there are no disputed factual issues to be resolved and that these cases can be decided on the parties' cross-motions. For the reasons discussed below, the Court will grant plaintiffs' motion for summary judgment and will deny the motions of defendants and the third-party defendant.[1]

### Standard for Decision

The standard in this circuit for granting summary judgment is well known and needs no discussion here. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Watkins v. Northwestern Ohio Tractor Pullers Association*, 630 F.2d 1155, 1158 (6th Cir. 1980); *Province v. Cleveland Press Publishing Co.*, 605 F.Supp. 945, 955–56 (N.D. Ohio 1985); see Federal Rules of Civil Procedure ("FRCP") 56(c).

### Facts

The plaintiffs in this proceeding are a class comprised of the following persons:

---

1. The Court notes that plaintiff Phillips in her complaint had raised three grounds for relief against the State in addition to the one that is the subject of this decision: (1) that the State failed to provide her a separate Medicaid eligibility determination prior to terminating her Medicaid benefits; (2) that it failed to notify her of the proposed grounds for its termination of such benefits; and (3) that its termination of her benefits violated her rights under the due process clause. The Court will not discuss these contentions as they appear either to be moot or to have been dropped by the plaintiff.

All individuals in the State of Michigan who, by virtue of their eligibility for Aid to Families with Dependent Children, were previously eligible for medicaid and lost eligibility by operation of 42 U.S.C. 602(a)(38) and all individuals in the State of Michigan who would have been eligible for medicaid or would be eligible for medicaid but for the operation of 42 U.S.C. 602(a)(38) and who would otherwise be eligible for Aid to Families with Dependent Children.

Order of November 26, 1985. As this definition of the class indicates, these cases concern the relationship between two separate, yet closely related, public assistance programs under the Social Security Act of 1965: (1) Aid to Families with Dependent Children ("AFDC"), which is located in Subchapter IV of the Act, 42 U.S.C. §§ 601–76; and (2) Medicaid, which is located in Subchapter XIX of the Act, 42 U.S.C. §§ 1396–1396q. Both programs are examples of cooperative federalism, in which the federal government and the states share responsibility for the operation, maintenance, and financing of the programs. More specifically for the purposes of this decision, the federal government provides both financial assistance and, in the statutes establishing the programs and through regulations promulgated by the Secretary of Health and Human Services (the "Secretary"), guidelines the states must follow in establishing and operating such programs.

These guidelines concern in part who is eligible for assistance under the programs. At issue in this case is an AFDC eligibility guideline or requirement Congress enacted as Section 2640 of the Deficit Reduction Act of 1984 ("DRA" or "DEFRA"), Pub.L. 98–369 (codified in part at 42 U.S.C. § 602(a)(38)), and the Secretary's application of that guideline to the Medicaid provisions of the Social Security Act. Section 602(a)(38) provides in pertinent part:

A State plan for aid and services to needy families with children must—

. . . .

(38) provide that in making the determination under paragraph (7) [concerning income and resources] with respect to a dependent child and applying paragraph (8) [concerning certain disregards of income], the State agency shall ... include —(A) any parent of such child, and (B) any brother or sister of such child, ... and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family....

42 U.S.C. § 602(a)(38). This section precludes the former practice of excluding certain siblings, and thus their income and resources, from the public assistance filing unit in order to qualify for AFDC. Plaintiffs in this action are families who have lost their AFDC eligibility due to the inclusion in the filing unit of previously excluded siblings. They do not challenge in this action their loss of AFDC eligibility.

The Secretary, however, has interpreted section 602(a)(38) as applying to eligibility for Medicaid as well as AFDC. *See* Chicago Regional State Letter No. 19–85 (August 1985). Plaintiffs thus, due to the inclusion of previously excluded sibling income and resources, have lost their eligibility for Medicaid as well as AFDC. Unlike their loss of AFDC, plaintiffs do challenge the Secretary and the State of Michigan's right to eliminate them from the Medicaid program.

### Analysis

Section 1902(a)(10)(A) of the Social Security Act, 42 U.S.C. § 1396a(a)(10)(A), provides in part that a state must make medical assistance available under Medicaid to all individuals who receive AFDC. Conversely, individuals who are financially ineligible for AFDC generally are also ineligible for automatic Medicaid assistance as "categorically needy" persons. *See* 42 C.F.R. § 435.700 ("The financial eligibility requirements of AFDC ... apply [under Medicaid] to individuals receiving" such assistance); *id.* at § 435.711 ("In determining

eligibility for families and children, a Medicaid agency must apply the financial eligibility requirements of the State's AFDC plan"). Plaintiffs recognize the general validity of this relationship between eligibility for AFDC and eligibility for Medicaid, but argue that they fall within an exception to such relationship.

Section 1902(a)(17)(D) of the Social Security Act, 42 U.S.C. § 1396a(a)(17)(D), provides that in determining eligibility for Medicaid, a state may "not take into account the financial responsibility of any individual for any applicant or recipient of assistance under the plan unless such applicant or recipient is such individual's spouse or such individual's child who is under age 21 or ... is blind or permanently and totally disabled...." 42 U.S.C. § 1396a(a)(17)(D). The regulation implementing this provision states: "(a) Except for a spouse of an individual or a parent for a child who is under age 21 or blind or disabled, the agency must not—(1) Consider income and resources of any relative available to an individual...." 42 C.F.R. § 435.602. Plaintiffs argue that section 1396a(a)(17)(D) precludes the Secretary and the State of Michigan from using section 602(a)(38) in determining their Medicaid eligibility, and thus from considering the income and resources of siblings who choose not to apply for Medicaid. They conclude that they accordingly are eligible for Medicaid assistance despite their ineligibility for AFDC assistance. *See* 42 C.F.R. § 435.113 ("the [State] agency must provide Medicaid to individuals who would be eligible for AFDC except for an eligibility requirement used in that program that is specifically prohibited under title XIX [Medicaid]"). They argue that section 602(a)(38)—the sibling filing unit provision—is a "deeming" provision that section 1396a(a)(17)(D) prohibits states from using in determining Medicaid eligibility.

The State of Michigan and the Secretary see things differently. They argue that section 602(a)(38) is not a "deeming" provision that would run afoul of section 1396a(a)(17)(D), but rather is a provision that merely identifies who the public assistance filing unit must include. Section 602(a)(38) evinces a congressional intent that the filing unit include all siblings. The Secretary notes further that under section 1396a(a)(17)(B), he has the authority to establish what income and resources a state must consider as being available to an applicant or recipient of assistance, and that the Supreme Court has stated that his determinations under this section are entitled to " 'legislative effect.' " *Schweiker v. Gray Panthers*, 453 U.S. 34, 44, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981), *quoting Batterton v. Francis*, 432 U.S. 416, 425, 97 S.Ct. 2399, 2405, 53 L.Ed.2d 448 (1977).

The Secretary concludes that his determination that section 602(a)(38) requires states to count sibling income and resources in determining Medicaid eligibility as well as AFDC eligibility is permissible under section 1396a(a)(17)(B). Section 602(a)(38), he argues, evinces Congress' view that sibling income and resources are "available" to the public assistance filing unit and thus should be included, along with the needs of such siblings, in determining financial eligibility for Medicaid and AFDC. The Secretary states that DEFRA's legislative history indicates Congress was aware of the linkage between the eligibility requirements for AFDC and Medicaid, intended to tighten eligibility requirements so as to target scarce public resources toward the "most needy", and assumed that its enactment of section 602(a)(38) would result in *net* costs to the Medicaid program: the net costs presumably would arise from the fact that while section 602(a)(38) would make some persons ineligible for Medicaid, it would make a greater number eligible.

The Secretary also urges the Court to consider the deference due an agency's interpretation a statute or regulation it is charged with administering. *See Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965) (a court should show "great deference to the interpretation given [a] statute by the officers or agency charged with its administration"). A court should uphold the agency's interpretation

unless it is " 'plainly erroneous or inconsistent' " with the regulation or statute. *Id.* at 16–17, 85 S.Ct. at 801, *quoting Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945); *see Zuber v. Allen,* 396 U.S. 168, 192–93, 90 S.Ct. 314, 327–28, 24 L.Ed.2d 345 (1969). The Secretary argues that judicial deference is particularly appropriate in this case as the Supreme Court has noted that "[t]he Social Security Act is among the most intricate ever drafted by Congress" and that its "byzantine construction … makes [it] 'almost unintelligible to the uninitiated.' " *Schweiker,* 453 U.S. at 43, 101 S.Ct. at 2640, *quoting Friedman v. Berger,* 547 F.2d 724, 727 n. 7 (2nd Cir.1976), *cert. denied,* 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 378 (1977); *see also DeJesus v. Perales,* 1985 Medicare and Medicaid Guide (CCH) ¶ 34,846, at 9241 (Sept. 1985) ("courts must exhibit particular deference to the [Secretary of HHS's] position with respect to legislation as intricate as Title XIX"). The Court's task thus is not to determine whether the Secretary's interpretation of section 602(a)(38) is the most reasonable interpretation, but rather whether it is a reasonable interpretation that is consistent with the statutory purpose. *See Connecticut Department of Income Maintenance v. Heckler,* — U.S. —, — – —, 105 S.Ct. 2210, 2214–15, 85 L.Ed2d 577, 583–84 (1985).

■ The Court has carefully considered the arguments of all three parties, as presented both in their briefs and at oral argument. It found their presentations extremely helpful in analyzing what is truly a complex statute. The Court concludes that even giving appropriate deference to the Secretary's interpretation of section 602(a)(38), section 1396a(a)(17)(D) prohibits the Secretary from requiring states to consider sibling income and resources in making Medicaid eligibility determinations. *See Gibson v. Puett,* 630 F.Supp. 542 (M.D. Tenn. 1985); *Vance v. Hegstrom,* 629 F.Supp. 747 (D. Ore. 1985); *Olson v. Reagen,* No. 85–101–A (S.D. Iowa April 11, 1985).

The Court cannot agree with the third party defendant's argument that section 602(a)(38) is not a "deeming" provision, as that term is used in public assistance law, but rather a provision that merely identifies who the public assistance filing unit must include, and thus whose income and resources a state must consider in determining financial eligibility for assistance. Congress' intent as expressed in section 1396a(a)(17)(D) was that a state should not consider a person's income and resources as being available to a Medicaid applicant or recipient, and thus include such in determining Medicaid eligibility, unless that person is the applicant or recipient's spouse or parent. The Senate Committee on Finance included the following in its report to the full Senate on the 1965 Act:

> The committee has heard of hardships on certain individuals by requiring them to provide support and to pay for the medical care needed by relatives. The committee believes that it is proper to expect spouses to support each other and parents to be held accountable for the support of their minor children and their blind or permanently or totally disabled children even though 21 years of age or older. Such requirements for support may reasonably include the payment by such relative, if able, for medical care. Beyond such degree of relationship, however, requirements imposed are often destructive and harmful to the relationships among members of the family group. Thus, States may not include in their plans provisions for requiring contributions from relatives other than a spouse or the parent of a minor child or children over 21 who are blind or permanently and totally disabled. Any contributions actually made by relatives or parents, or from other sources, will be taken into account by the State in determining whether the individual applying for medical assistance is, in fact, in need of such assistance.

S.Rep. No. 404, Pt. I, 89th Cong., 1st Ses. 78 (June 30, 1965), *reprinted in* 1965 U.S. Code Cong. & Ad.News 1943, 2018. As the Supreme Court has recognized, Congress

thus decided to treat spouses (and parents) differently than other relatives in determining the financial eligibility of Medicaid applicants and recipients. *See Schweiker*, 453 U.S. at 47–48, 101 S.Ct. at 2642.

There is no indication, however, that Congress intended to include siblings in with spouses and parents. The Secretary and the states apparently did not count sibling income and resources prior to the enactment of section 602(a)(38) unless the Medicaid applicant or recipient desired to have it counted. Section 435.602 of 42 C.F.R., moreover, specifically provides that sibling income and resources cannot be counted in determining eligibility for Medicaid. The Court thus concludes that sibling income and resources is subject to section 1396a(a)(17)(D).

The Secretary argues, however, that by its enactment of section 602(a)(38), Congress intended to change this situation and to require states to include siblings in the filing unit in determining Medicaid eligibility. The Court has carefully reviewed the legislative history cited and submitted by the Secretary and the plaintiffs and has conducted its own research on the issue. I cannot agree with the Secretary that Congress intended the change in AFDC eligibility methodology mandated by section 602(a)(38) to apply as well to Medicaid eligibility methodology. The Court does not consider either general references to Congress' intent to decrease public assistance expenditures or the Congressional Budget Office's assumption that section 602(a)(38) would produce net Medicaid costs as sufficient indications of Congress' intent to apply section 602(a)(38) to determinations of Medicaid as well as AFDC eligibility. I thus find that Congress did not intend to override the bar section 1396a(a)(17)(D) presents to the mandatory inclusion of sibling income and resources in determining Medicaid eligibility.

To the Court, the Secretary's argument that section 602(a)(38) does not "deem" sibling income and resources to be available to the Medicaid applicant or recipient but merely requires that such siblings be included in the public assistance filing unit is a distinction without a difference: by requiring that siblings be included in the filing unit, the Secretary is in effect considering their income as available to the Medicaid applicant or recipient. I note, moreover, that the Secretary has not repealed or modified either 42 C.F.R. § 435.113 or 42 C.F.R. § 435.602, and that he has attempted to apply section 602(a)(38) to determinations of Medicaid eligibility by a Regional State policy letter rather than a properly promulgated regulation.

For the reasons discussed above, the Court finds that the Secretary and the State's interpretation, and application to determinations of Medicaid eligibility, of section 602(a)(38) is unreasonable and inconsistent with the Medicaid statute and regulations. I thus will grant plaintiffs' motion for summary judgment and will provide them relief as set forth in the accompanying order.

## JUDGMENT

In accordance with the opinion dated January 29, 1986;

IT IS HEREBY ORDERED that plaintiffs' motion for summary judgment is GRANTED and that the motions of the defendants and the third party defendant for summary judgment are DENIED;

IT IS FURTHER ORDERED that the defendants and the third party defendant are to continue or to restore, as the case may be, Medicaid benefits for members of the plaintiff class;

IT IS FURTHER ORDERED that defendants are to provide such notice as is required to members of the plaintiff class indicating that their Medicaid benefits may have been improperly terminated.