**Firouz BAHRAMIZADEH,**
**Plaintiff-Appellant,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,**
**Defendant-Appellee.**

**No. 82–1087.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 6, 1983.*

Decided Sept. 30, 1983.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Firouz Bahramizadeh, pro se.

Eileen M. Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendant-appellee.

Before BAUER, WOOD and FLAUM, Circuit Judges.

PER CURIAM.

In this action Firouz Bahramizadeh seeks to recover a maintenance of status and departure bond that he posted with the Immigration and Naturalization Service. For the reasons to be discussed, we reverse the district court's entry of summary judgment in favor of the INS and remand the case to the district court for proceedings consistent with this opinion.

### I.

. The following factual discussion has been gathered from the pleadings and affidavits submitted by the plaintiff to the district court. For the purposes of this appeal, we will construe these factual assertions in the light most favorable to Bahramizadeh. *See Lac Courte Oreilles Band, Etc. v. Voigt,* 700 F.2d 341, 349 (7th Cir.1983).

On September 9, 1974, Firouz Bahramizadeh, a native of Iran, posted a $3,000 maintenance of status and departure bond as a condition for entry into this country as a nonimmigrant student. . At the time he signed the bond, Bahramizadeh agreed to two conditions. He first stipulated that he would not accept any employment in the United States without the INS's permission and second agreed to depart voluntarily from the United States at the end of his authorized period of admission. On September 24, 1974, Bahramizadeh was admitted to the United States and given permission to remain in this country until September 24, 1975. This deadline was later extended until August 6, 1976.

During the period of his stay, Bahramizadeh married a native born American citizen, Kathi Prybylo, on January 5, 1976. One month later, on February 4, 1976, Bahramizadeh's wife filed a petition on Bahramizadeh's behalf with the INS to classify him as the spouse of a United States citizen. This petition was entitled "Petition to Classify Status of Alien Relative For Issuance of Immigrant Visa."

On June 15, 1976, Bahramizadeh went to the Chicago district office of the INS to check on his current immigration status. At the office Bahramizadeh informed an INS officer of his current situation and of the fact that he had previously posted a $3,000 bond. Bahramizadeh told the officer that he desired to extend his student visa. The officer, however, told Bahramizadeh

that INS was aware of his current status and that in light of his wife's pending classification petition, there was no need to apply for an extension of his student visa. The INS officer explained that it took time to process his wife's petition and that after it was approved he would receive his bond money back from the government.

In early August of 1976, before the end of his authorized stay in the United States, Bahramizadeh again went to the Chicago district office of the INS to review his immigration status. Once again, an INS official, after first reviewing Bahramizadeh's file and discussing it with him, informed Bahramizadeh that his wife's petition was sufficient to maintain his current status and that there was no need to apply for any extension of his student visa in the interim.

On August 30, 1976, Bahramizadeh went for a third time to the Chicago INS district office to check on his immigration status. At this time he was told by the office supervisor that the processing of his wife's petition had been delayed because Vietnamese refugees had been given a higher priority by INS. The supervisor told Bahramizadeh that the bond money would not be released until his status had officially changed, an event of which he would be notified when his wife's petition had been acted upon by the agency.

On October 1, 1976, Bahramizadeh's wife received a notice entitled "Notice of Approval of Relative Immigrant Visa Petition." Enclosed with the notification was an application for permanent residence which was to be completed within 30 days. On November 1, 1976, Bahramizadeh accordingly applied for permanent residence status with INS, an application which subsequently has been approved. On August 10, 1977, Bahramizadeh officially became a permanent resident of the United States.

On November 17, 1977, Bahramizadeh was notified by the INS that his maintenance of status and departure bond had been forfeited because he had breached the bond agreement by remaining in this country after August 6, 1977. After exhausting all avenues of administrative review, Bahramizadeh filed a complaint in district court under 28 U.S.C. § 2201.

The district court granted summary judgment in favor of the INS, ruling that Bahramizadeh had substantially violated the conditions of his bond by not leaving the country at the end of his authorized stay. The court therefore concluded that the INS had acted properly in refusing to refund Bahramizadeh's bond. This appeal followed.

## II.

By authority of 8 U.S.C. §§ 1103(a) and 1184(a), the Attorney General has promulgated regulations providing for the forfeiture of maintenance of status and departure bonds posted by aliens as a condition of admission to this country. 8 C.F.R. § 103.-6(c)(3) provides that an obligor of a bond shall be released from liability when there has been substantial performance of all conditions imposed by the terms of the bond.[1] Similarly, 8 C.F.R. § 103.6(e) provides that a bond shall be considered breached whenever there has been a "substantial violation" of the stipulated conditions.[2]

Bahramizadeh concedes that he had in fact no official authority to remain in this country at the time his non-immigrant student status expired on August 6, 1977. He argues, however, that when cast in the combined light of the pending status of his wife's petition and of the statements made to him by various INS officers that he did not need to do anything to protect his bond until his wife's petition had been acted upon, there has not been a *substantial* violation of the bond conditions. The INS, in

---

1. 8 C.F.R. § 103.6(c)(3) states:
   Substantial performance of all conditions imposed by the terms of a bond shall release the obligor from liability.

2. 8 C.F.R. § 103.6(e) states in applicable part:

A bond is breached when there has been a substantial violation of the stipulated conditions.

\* \* \* \* \* \*

contrast, argues that Bahramizadeh substantially violated the bond by breaching one of its essential terms—departure at the end of the authorized period. Therefore, as other courts have noted, see, e.g., Mohomed v. Vician, 490 F.Supp. 954, 957 (S.D.N.Y. 1980), the meaning of "substantial violation" in the applicable regulations is critical to the resolution of this case.

The district court relied upon the INS's position that any unauthorized stay, however short, constitutes a substantial violation of the conditions of a maintenance of status and departure bond. The district court referred to an INS administrative determination which states that it makes no difference whether a lapse is for 27 minutes, 27 days, or 27 months; any unauthorized stay constitutes a substantial violation. See Matter of Nguyen, 15 I & N Dec. 176, 179 (1975). In Nguyen, the Commissioner defined a substantial violation as a "willful departure" from the terms or conditions of the bond. Id. at 177.

■■■ As a general matter, there is little doubt that we must accord great deference to the interpretation given to an administrative regulation by the officers or agency charged with its administration. Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). It is equally clear, however, that this deference must never be absolute. An administrative interpretation will be given controlling weight only so long as it is not inconsistent with the plain meaning of the regulation or is not clearly erroneous. INS v. Stanisic, 395 U.S. 62, 72, 89 S.Ct. 1519, 1525, 23 L.Ed.2d 101 (1969); Udall v. Tallman, id. 380 U.S. at 17, 85 S.Ct. at 801; Bowles v. Seminole Rock Co., 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945). An agency may not interpret its regulations in a manner so as to nullify the effective intent or wording of a regulation. Regulations promulgated pursuant to statutory authority have the force and effect of law, thereby making an agency bound by its own regulations. See Pearce v. Director, Office of Wkrs. Compensation, 647 F.2d 716, 726 (7th Cir.1981).

■■■ In this case we must conclude that the Commissioner's interpretation is not consistent with the express wording of the regulation. The opinion of the Commissioner has effectively read the requirement of "substantial" out of the regulation. The regulation clearly provides that only upon a substantial violation may a bond be forfeited, not upon any violation. The Commissioner's interpretation in Nguyen thus cannot control.

In support of our conclusion, we note that the Commissioner's interpretation is also inconsistent with the legislative history of the regulation. The prior version of Section 103.6(e) permitted a forfeiture upon a simple "violation" of any stipulated conditions. See 31 Fed.Reg. 1173 (Sept. 7, 1966). This requirement was amended to require specifically a substantial violation in order for a forfeiture to occur. 32 Fed.Reg. 9623 (July 4, 1967). As one court has previously noted, the addition of the substantiality requirement thus requires some evaluation of such factors as to the extent of the breach, whether it was intentional or accidental on the part of the alien, whether it was in good faith and whether the alien took steps to make amends or to place himself in compliance. International Fidelity Ins. Co. v. Crosland, 490 F.Supp. 446, 448 (S.D.N.Y. 1980). See also Gordon & Rosenfield, Immigration Law & Procedure, vol. 2, § 6.15(d) (1983).

In the instant case, Bahramizadeh has alleged that he made every effort to extend his nonimmigrant student visa to maintain his lawful status. He went to the Chicago INS district office no less than three times, and in each instance he was told that it was unnecessary for him to apply for any type of extension in light of the petition his wife had filed. These allegations suggest that Bahramizadeh at all times attempted to comply with the terms of his bond, that he acted in good faith and did not willfully breach the terms of his bond. Moreover, in light of his now permanent visa status, the breach appears to be less than substantial. Accordingly, a remand to the district court is necessary in order that factual determinations may be made. Whether Bahramizadeh has substantially violated or complied

with the terms of his bond remains for the district court to decide in the first instant.

As a final matter, we repeat the court's admonition in *International Fidelity* that we do not mean to suggest that the INS must be lenient or lax in administering appearance bonds. Illegal aliens are a problem of serious national proportions, *see Plyler v. Doe,* 457 U.S. 202, 102 S.Ct. 2382, 2405, 72 L.Ed.2d 786 (1982) (Powell, J., concurring), and to address this problem the INS may strictly construe conditions of civil bonds. *See Crane v. Buckley,* 203 U.S. 441, 447, 27 S.Ct. 56, 58, 51 L.Ed. 260 (1906). But as its regulation clearly provides, only *substantial* violations of bond conditions warrant a forfeiture. By necessity, then, not every violation need be substantial, especially if trivial, accidental, or incurred in good faith.

### III.

Accordingly, the judgment of the district court is hereby REVERSED and REMANDED in order for the district court to determine the facts of the violation and whether the violation was substantial within the meaning of 8 C.F.R. § 103.6(e).