**INTERNATIONAL FIDELITY INSUR-
ANCE COMPANY and Debra
Amanda Passley, Plaintiff,**

v.

**UNITED STATES IMMIGRATION AND
NATURALIZATION SERVICE, NEW
YORK DISTRICT OFFICE, Defendant.**

**No. 84 Civ. 338–CSH.**

United States District Court,
S.D. New York.

Oct. 22, 1985.

———

Schaier, Tribbitt and Schaier, New York
City, for plaintiffs; Hermann Schaier, of
counsel.

Rudolph W. Giuliani, U.S. Atty. for the
S.D. of N.Y., New York City, for defend-
ant; Jorge Guttlein, Asst. U.S. Atty., of
counsel.

MEMORANDUM OPINION
AND ORDER

HAIGHT, District Judge:

Plaintiffs International Fidelity Insur-
ance Company ("Fidelity") and Debra
Amanda Passley filed their complaint in
this action on January 16, 1984. Fidelity
had issued a bond to secure the appearance
before the Immigration and Naturalization
Service ("INS") of one Winston Passley, an
alien. Plaintiff Debra Amanda Passley, a
United States citizen, is the wife of Win-
ston Passley. The complaint sought a de-
claratory judgment pursuant to 28 U.S.C.
§ 2201, and a review of adverse INS action
pursuant to 8 U.S.C. § 1329. Plaintiffs
also invoke 28 U.S.C. § 1331.

In the words of the complaint, plaintiff
Fidelity sought a judgment declaring that:

"(a) Plaintiff was and continues to be in
substantial compliance with the condi-
tions of the delivery bond.

"(b) The determination that the delivery
bond was breached on February 2, 1983
was arbitrary, unlawful, and contrary to
law."

Plaintiff Debra Passley sought a judg-
ment declaring that:

"(a) Defendant's delay in according
plaintiff Passley's husband immediate
relative status based on her petitions in
his behalf is unreasonable, unjustified,
unlawful and contrary to 5 U.S.C. Sec.
706 (i).

"(b) Directing defendant to adjudicate
Passley as entitled to immediate relative
visa status forthwith."

Complaint at pp. 11–12.

After joinder of issue, the parties cross-
moved for summary judgment.

It is apparent from the motion papers
that the relief requested by plaintiff Debra
Amanda Passley has been mooted by sub-
sequent events. The complaint was filed
on January 16, 1984. Under date of Janu-
ary 18, 1984, the District Director of the
INS New York office sent to Debra Pass-
ley, in care of her counsel, a notice stating
that, as of January 11, 1984, Debra Pass-
ley's petition to classify Winston Passley as

an immediate relative of a United States citizen had been approved. That moots the cause of action pleaded by Debra Passley, which complained of the delay of INS in processing that petition, and prayed for judgment directing the INS to forthwith adjudicate Passley as entitled to immediate relative visa status.

What remains is plaintiff Fidelity's cause of action seeking a declaration that it is not in breach of the delivery bond which it gave in respect of Winston Passley.

Fidelity's obligations arising out of its bond are stated in the instrument as follows:

"... the obligor hereby furnishes such bond upon the following conditions: if said alien is released from custody and if the above mentioned obligor shall cause said alien to be produced or to produce himself to an immigration officer of the United States upon each and every request of such officer until deportation proceedings in his case are finally terminated or until said alien is actually accepted by such immigration officer for detention or deportation then this obligation shall be void; otherwise it shall immediately become due and payable."

Fidelity gave this bond when Winston Passley, a citizen of Jamaica and non-immigrant crewman of a foreign vessel, was facing deportation after remaining in the United States beyond the permissible time. The statutory and regulatory scheme provides for the release of such individuals on bond. 8 U.S.C. § 1252(a); 8 C.F.R. § 103.6 (1984).

8 C.F.R. § 103.6(c) states:

"Substantial performance of all conditions imposed by the terms of a bond shall release the obligor from liability."

8 C.F.R. § 103.6(e) states in pertinent part:

"A bond is breached when there has been a substantial violation of the stipulated conditions."

The bond given by Fidelity is in the amount of $5,000.00, for delivery of Winston Passley on demand. That bond was posted with the INS on October 27, 1978.

There then ensued a series of petitions and administrative appeals before the INS on Passley's behalf. In the view I take of this case, I need not describe those proceedings in detail. Ultimately Winston Passley and Fidelity were separately advised that the INS required the surrender of Passley to an INS officer on February 2, 1983. Passley did not surrender on that date. Instead, through counsel he filed additional administrative applications, specifically, an application for a stay of deportation, and a separate application for permission to reapply for admission to the United States after deportation. The District Director denied Passley's application for a stay of deportation on March 7, 1983; and advised Fidelity that the bond had been breached on March 10, 1983. The basis for the asserted breach was Fidelity's failure to deliver Passley for surrender to the INS on February 2, 1983. Fidelity prosecuted administrative appeals from the notice of breach, which were rejected.

In this Court, Fidelity makes two principal arguments. The first is that the INS acted arbitrarily and capriciously in rejecting applications made on Winston Passley's behalf. The second argument is that Passley was prejudiced, in that context, by the inexcusable delay of the INS in granting Debra Passley's petition, on Winston Passley's behalf, for immediate relative immigration status. The conclusion for which Fidelity argues is that, in the totality of the circumstances, it should be regarded as having made "substantial performance" of the conditions of its bond, so that no liability arises.

I cannot accept these arguments. It is of course true that the INS cannot, by considering any failure to appear a warrant for forfeiture, effectively read "the requirement of 'substantial' violation out of the regulation," *International Fidelity Insurance Company v. Crosland*, 490 F.Supp. 446, 448 (S.D.N.Y.1980) (Leval, D.J.). However, *Crosland* involved an alien's inadvertent failure to appear, caused in part by the fact that no notice requiring his appearance had been sent to him, his attorney thereafter contacting the

INS and offering to have the alien appear upon request. Notwithstanding those mitigating circumstances, the INS breached the bond. Judge Leval understandably remanded the case to the Regional Commissioner for further consideration as to the meaning, in these particular circumstances, of the qualifying adjective "substantial." *Id.* at 449. Comparable circumstances of innocent, good-faith attempts at compliance are found in another case relied upon by Fidelity in the case at bar, *Bahramizadeh v. United States Immigration and Naturalization Service,* 717 F.2d 1170 (7th Cir. 1983).

The instant case presents no such mitigating circumstances. Passley was directed to surrender for deportation. The condition of Fidelity's bond was that he would do so. Passley did not surrender. I appreciate that his counsel made a written application for a stay of deportation, in lieu of surrender. However, the regulations specifically provide, in respect of such an application, that "neither the making of the request nor the failure to receive notice of disposition of the request shall relieve the alien from strict compliance with any outstanding notice to surrender for deportation." 8 C.F.R. § 243.4. Faced with that explicit stricture, Fidelity cannot be heard to argue that it has made "substantial performance" of its obligations under the bond.

As for the alleged delay of the INS in processing certain aspects of this matter, Fidelity's argument sounds essentially in estoppel. I may agree that INS did not distinguish itself in dealing with certain aspects of the matter, particularly clarification of Mrs. Passley's status as a United States citizen. But it has been clear at least since *Immigration and Naturalization Service v. Miranda,* 459 U.S. 14, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982), that delay on the part of the service does not in law rise to the level of "affirmative misconduct" which arguably might estop the Government from enforcing the immigration laws (although the Court in *Miranda* expressly left that question open, *id.* at 19, 103 S.Ct. at 283).

In short, the decision of the Associate Commissioner of the INS, rejecting Fidelity's appeal from the order of the District Director declaring the bond breached, may not be successfully attacked in this Court.

## CONCLUSION

The motion of plaintiff International Fidelity Insurance Company for summary judgment is denied.

The motion of defendant U.S. Immigration Service, New York City District Office, for summary judgment is granted.

The complaint on behalf of plaintiff Debra Amanda Passley is dismissed as moot.

In the exercise of my discretion, I deny defendant's application for costs and attorney's fees.

Defendant's counsel is directed to settle a judgment consistent with this opinion on five (5) days' notice.

It is SO ORDERED.