Brenda REED, for Herself and Her Minor Children Michael Reed and Tony Reed, Linda Evans, for Herself and Her Minor Child Thedell Atwone Polk, and for All Others Similarly Situated

v.

Donald L. BLINZINGER, in His Official Capacity as Administrator of the Indiana State Department of Public Welfare, and Dr. Otis R. Bowen, Secretary of the Department of Health and Human Services.

No. IP 85–1353–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

March 14, 1986.

East Central Legal Services, Anderson, Ind. by Dennis K. Frick, Montague M. Oliver, Jr., and Daniel J. Smith, for plaintiffs.

Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, Ind., for defendant.

STECKLER, District Judge.

This matter is before the Court on plaintiffs' motion for preliminary injunction and on the parties' cross motions for summary judgment. The Court consolidated the hearing on plaintiffs' motion for preliminary injunction with a hearing on the summary judgment motions. Having heard evidence and arguments on both motions and having considered the exhibits and briefs, the Court finds that plaintiffs are entitled to judgment as a matter of law. Therefore, plaintiffs' motion for preliminary injunction is moot.

Plaintiffs have been certified as a class under Fed.R.Civ.P. 23(a), (b)(2). The class consists of families who have had or will

have their Medicaid eligibility terminated because they are no longer eligible for Aid to Families with Dependent Children (AFDC) benefits based on the new filing requirements under § 2640 of the Deficit Reduction Act of 1984 (DRA), 42 U.S.C. § 602(a)(38). Plaintiffs do not challenge the AFDC requirements and termination. Rather, they argue that their Medicaid eligibility should not be terminated because the income provisions of § 2640 are prohibited by the Medicaid statute and regulations. 42 U.S.C. § 1396a(a)(17)(D); 42 C.F.R. § 435.602.

Under § 2640, all siblings living in a household must now be included in the filing unit for AFDC benefits and have their income counted. 42 U.S.C. § 602(a)(38). The inclusion of siblings in the filing unit has resulted in the termination of the plaintiffs' benefits. Because plaintiffs are no longer eligible for AFDC, the State has terminated their Medicaid eligibility also. However, under the Medicaid statute and regulations, the State is not allowed to consider the financial responsibility of any individual for an applicant, other than the applicant's spouse or parent. 42 U.S.C. § 1396a(a)(17)(D); 42 C.F.R. 435.602. Thus, plaintiffs contend that the termination of their Medicaid eligibility violates the federal Medicaid statute. Plaintiffs seek an injunction enjoining defendant from denying Medicaid assistance to plaintiffs and class members because of the AFDC income provisions and ordering defendants to comply with federal law.

Defendant Donald L. Blinzinger is the Administrator of the Indiana State Department of Public Welfare (State) and as such is generally responsible for the administration of the Medicaid program in Indiana. Defendant Otis R. Bowen, Secretary of the Department of Health and Human Services (Secretary), was joined in the present cause pursuant to this Court's order of January 7, 1986. Defendants contend that there is no inconsistency between the AFDC and Medicaid provisions and that they are complying with federal law.

The State defendant has raised three affirmative defenses. Defendant argues that plaintiffs' action is barred by the Eleventh Amendment because the action is essentially against the State. Because plaintiffs are seeking prospective injunctive relief, however, the action is not barred. *See Green v. Mansour, Director, Michigan Department of Social Services,* —— U.S. ——, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985); *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Granados v. Reivitz,* 776 F.2d 180 (7th Cir.1985). The State also asserts qualified immunity as an affirmative defense. This defense is usually applicable in an action for damages rather than one for equitable relief. *See Gomez v. Toledo,* 446 U.S. 635, 639, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Plaintiffs are not seeking damages.

The State defendant also argues that plaintiffs have failed to state a claim because they did not appeal the administrative decision to a state court. However, exhaustion of state judicial remedies is not required in a § 1983 action. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Defendant relies on *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), for the proposition that an available state court remedy must be utilized before a plaintiff may bring a § 1983 action, but plaintiffs' action differs from the complaint in *Parratt.* Plaintiffs are not claiming a due process violation based on a protected state property right, but are claiming a violation of federal law caused by the defendant's procedures and policies. Therefore, resort to the state court is not necessary. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435–436, 102 S.Ct. 1148, 1157–58, 71 L.Ed.2d 265 (1982). Plaintiffs have stated a claim under § 1983.

Both defendants rely on the Secretary's interpretation of the new AFDC requirement, which reconciles it with the Medicaid prohibition against deeming income to an applicant from anyone other than the applicant's spouse or parent. Defendants argue that this interpretation is

entitled to much deference. Plaintiffs respond that the interpretation is in conflict with the Secretary's own regulations and the clear language of the Medicaid statute. Consequently, plaintiffs argue that the interpretation is clearly erroneous and entitled to no deference by the Court.

Defendants argue that the legislative histories of the 1965 Medicaid statute and DRA show that Congress knew and intended that the new AFDC filing requirements of 42 U.S.C. § 602(a)(38) would affect the Medicaid eligibility of those applicants. Defendants contend that Congress intended to distinguish between deeming of income from outside the family unit and defining available income to the family unit. Defendants argue that the Secretary's interpretation reflects the congressional intent underlying the statutes.

Under the Secretary's interpretation of § 2640, the section does not deem income from financially responsible persons but rather identifies who must be included in a filing unit and then considers all income and resources available to the unit. Because 42 U.S.C. § 1396a(a)(17)(B) requires that all available income must be included in determining a Medicaid applicant's eligibility, defendants contend that 42 U.S.C. § 602(a)(38) is within the meaning of § 1396a(a)(17)(B). Defendants then argue that because § 602(a)(38) identifies available income to the filing unit rather than deeming income from other persons, it is not prohibited under § 1396a(a)(17)(D). Defendants also argue the regulations upon which plaintiffs rely, 42 C.F.R. §§ 435.113 and 435.602, were superseded by § 2640 of DRA and therefore no longer apply.

In response, plaintiffs argue that the Medicaid statute and regulations prohibiting the deeming of income from any persons other than a spouse or parent are unambiguous and therefore reflect the clear intent of Congress and must be enforced. Plaintiffs also argue that the legislative history that defendants rely upon does not clearly indicate that Congress intended that § 1396a(a)(17)(D) not be given effect and that the legislative history does not distinguish between persons inside or outside the family unit. Plaintiffs argue that Congress' silence on § 1396a(a)(17)(D) in § 2640 of DRA cannot modify the unambiguous language of the section.

It is well settled that the Secretary's interpretations are entitled to great deference and that the Secretary has broad discretion to define terms and interpret the Act. *Schweicker v. Gray Panthers*, 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981). Moreover, the Secretary's regulations defining terms under the statute have legislative effect, and the Court is limited to determining whether the regulation exceeds the statutory authority and whether it is arbitrary and capricious. *See id.* at 43–44, 101 S.Ct. at 2639–41. However, this standard of review is inapplicable to the Secretary's letter interpreting § 2640 of DRA, because it is neither a legislative nor substantive regulation. *See Batterton v. Francis*, 432 U.S. 416, 425 n. 9, 97 S.Ct. 2399, 2405–06 n. 9, 53 L.Ed.2d 448 (1977); *Malloy v. Eichler*, 628 F.Supp. 582, 593 (Del.1986). Consequently, the Court must decide whether the interpretation is entitled to substantial deference.

An administrative interpretation is given controlling weight only if it is reasonable and reflects the policies underlying the legislation. *Morton v. Ruiz*, 415 U.S. 199, 237, 94 S.Ct. 1055, 1075, 39 L.Ed.2d 270 (1974). Moreover, an agency is bound by its own regulations. *Bahramizadeh v. United States I.N.S.*, 717 F.2d 1170, 1173 (7th Cir.1983). The interpretation cannot be inconsistent with the plain meaning of a regulation or nullify the intent or wording of a regulation. *Id.* Therefore, the Court must determine whether the Secretary's interpretation of the new AFDC requirement in 42 U.S.C. § 602(a)(38) is reasonable in light of the Medicaid statutes and regulations.

The Secretary's interpretation of § 602(a)(38) does not comport with the plain language of the Medicaid statute or with the Secretary's own regulations. The language of the statute and regulations is

unambiguous. A court "must give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Resources Defense,* 467 U.S. 837, 104 S.Ct. 2778, 2782–81, 81 L.Ed.2d 694 (1984). When the statute is analyzed as a whole, as defendants argue it should be, the statute provides that the Secretary may set standards for determining the availability of income actually received by an individual and of income assumed to be available. The latter is limited to income from a spouse or parent. 42 U.S.C. § 1396a(a)(17)(B), (D).

In accordance with the statute, the Secretary has promulgated regulations providing that a state must provide Medicaid to individuals receiving AFDC, 42 C.F.R. § 435.110, or to those individuals "who would be eligible for AFDC except for an eligibility requirement used in that program that is specifically prohibited under title XIX." 42 C.F.R. § 435.113. The regulations also provide that:

"(a) Except for a spouse of an individual or a parent for a child who is under age 21 or blind or disabled, the agency must not—

(1) *Consider income and resources of any relative available to an individual;* nor

(2) Collect reimbursement from any relative for amounts paid by the agency for services provided to an individual.

(b) The income and resources of spouses and parents must be considered in determining financial eligibility as provided for the categorically needy in Subpart H and the medically needy in Subpart I of this part." 42 C.F.R. § 435.602. [Emphasis added.]

The Secretary's interpretation of the new AFDC requirements attempts to draw a distinction between specifying who must be included in the family unit for AFDC purposes and "financial responsibility" under the Medicaid statute. Defendants argue that § 602(a)(38) only identifies those persons who must apply for AFDC as a filing unit. They contend that once the unit is identified, all available income of the unit

may be considered in determining Medicaid eligibility. 42 U.S.C. § 1396a(a)(17)(B). This interpretation is in direct conflict with the Secretary's own regulation, however, which prohibits the State from considering income from relatives, other than a spouse or parent, as available to an applicant. *See* 42 C.F.R. 435.602.

An examination of the legislative history of the Medicaid Act reveals that Congress designed § 1396a(a)(17)(D) to prevent states from assuming the availability of income from relatives other than the applicant's spouse or child. S.Rep. No. 404, 89th Cong., 1st Sess. 78 (Finance Committee) (June 30, 1965), *reprinted in* 1965 U.S. Code Cong. & Ad.News 2018; H.R.Rep. No. 213, 89th Cong., 1st Sess. 68 (Ways and Means Committee) (March 29, 1965). Thus the Secretary's interpretation of § 602(a)(38) conflicts with the congressional intent of 42 U.S.C. § 1396a(a)(17)(D).

Defendants argue that the Secretary's current interpretation reflects the congressional intent behind § 2640 of DRA to modify 42 U.S.C. § 1396a(a)(17)(D) and that § 2640 supersedes the Secretary's regulations. However, the statutory language of § 2640 refers only to AFDC, and the legislative history that defendants present does not clearly indicate that Congress either meant to distinguish between a filing unit requirement and deeming of income for Medicaid eligibility or that § 2640 modified 42 U.S.C. § 1396a(a)(17)(D). *Malloy v. Eichler,* 628 F.Supp. at 596 (granting plaintiffs' preliminary injunction); *Childress v. Heckler,* No. 85–Z–1459 (D.Colo. Jan. 13, 1986) (granting summary judgment for plaintiffs on medicaid issue); *Sundberg, Phillips v. Mansour,* 627 F.Supp. 616 (W.D.Mich.1986) (granting summary judgment for plaintiffs).

Defendants rely on 42 C.F.R. § 435.700, which provides that AFDC eligibility requirements apply in determining Medicaid eligibility, and point to Congress' awareness of this provision when enacting § 2373 of DRA. However, defendants ignore 42 C.F.R. § 435.113, which covers the situation when an AFDC requirement is prohib-

ited by the Medicaid Act. Furthermore, § 2373 of DRA concerns the medically needy, not the categorically needy. Defendants argue that there is no indication in § 2640 that the sibling provision should not apply to Medicaid. However, congressional silence on an AFDC statute cannot modify an express provision of the Medicaid statute.

Defendants also rely on the inclusion of Congressional Budget Office (CBO) estimates in the legislative history of § 2640. The CBO report (federal defendant's Exhibit K) mentions net Medicaid costs in discussing the financial aspects of § 2640. The Court finds this evidence inconclusive to establish congressional intent to apply the sibling requirement to Medicaid eligibility. The CBO report does not mention Medicaid savings as a result of ineligibility due to the sibling requirement. Also, the CBO report indicates a savings in Medicaid based on the grandparent provision of § 2640, although the Secretary admits that deeming a grandparent's income cannot affect Medicaid eligibility. The legislative history of § 2640 and Congress' reliance on the CBO report concerning Medicaid costs is anything but clear regarding the effect of § 2640 on Medicaid eligibility. *Compare Heckler v. Turner,* 470 U.S. 184, 105 S.Ct. 1138, 84 L.Ed.2d 138 (1985). The evidence is insufficient to find that Congress intended for § 2640 to modify the express provisions of 42 U.S.C. § 1396a(a)(17)(D) and allow the income of a sibling to be assumed available to a Medicaid applicant.

The Secretary's interpretation of § 2640 conflicts with the Medicaid statute, regulations, and congressional intent of the Medicaid Act. Defendants also have failed to demonstrate that the interpretation reflects the current congressional intent of § 2640. Therefore, the Secretary's interpretation is not controlling, *Bahramizadeh,* 717 F.2d at 1173, and the Court will make its own determination whether the inclusion of sibling income is permissible under the Medicaid Act.

The Court's prior discussion of the new AFDC statute, and the Medicaid statute and regulations, 42 U.S.C. § 1396a(a)(17)(D); 42 C.F.R. §§ 435.113, 435.602, reveals that a sibling cannot be assumed to be financially responsible for a Medicaid applicant. *See Herweg v. Ray,* 455 U.S. 265, 102 S.Ct. 1059, 71 L.Ed.2d 137 (1982); *Schweiker v. Gray Panthers,* 453 U.S. at 45, 101 S.Ct. at 2641. The Court is unable to distinguish between requiring a sibling to be included in the filing unit when determining Medicaid eligibility and assuming, or "deeming," that a sibling's income is available to a Medicaid applicant. *See Malloy v. Eichler,* 628 F.Supp. at 595–96. Therefore, the Court agrees with the growing number of courts that have addressed this issue and concludes that the inclusion of sibling income for determining Medicaid eligibility is precluded under 42 U.S.C. § 1396a(a)(17)(D). *See Malloy* at 597–98; *Sundberg, Phillips v. Mansour,* 627 F.Supp. at 620–21; *Childress v. Heckler,* No. 85–Z–1459, trans. at 7–8; *Gibson v. Puett,* 630 F.Supp. 542 (M.D.Tenn.1985) *Vance v. Hegstrom,* 629 F.Supp. 747 (Or.1985).

By reason of the foregoing, the Court concludes that plaintiffs are entitled to judgment as a matter of law.