Francisco **GUIROLA–BEECHE** and
**Whitice Bonding Agency,**
**Plaintiffs,**

v.

**U.S. DEPARTMENT OF JUSTICE,**
**Immigration and Naturalization**
**Service, Defendants.**

**No. 87–0192–CIV.**

United States District Court,
S.D. Florida.

June 16, 1987.

James F. Gilbride and Dyanne E. Feinberg, Gilbride, Heller & Brown, Miami, Fla., for plaintiffs.

Brian M. O'Leary, Sp. Asst. U.S. Atty., for defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO STAY AND DENYING DEFENDANTS' MOTION TO DISMISS GUIROLA–BEECHE FOR LACK OF STANDING

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises before the Court upon the Plaintiffs' Motion to Stay the accrual of interest and handling charges on the delivery bond at issue and upon the Defendant's Motion to Dismiss Francisco Guirola-Beeche (hereafter Beeche) for lack of standing. Both motions addressed herein are fully briefed.

The Court has reviewed the complaint, motion to stay and opposition thereto, and the Defendants' motion to dismiss Beeche and the Plaintiffs' response in opposition to the motion to dismiss. A brief summary of the allegations contained in these pleadings follows.

On January 26, 1986, Beeche entered the United States with a valid visa. He was arrested and charged as deportable under 8 U.S.C. § 1251(a)(1) on February 6, 1986. The Government's decision to deport Beeche stemmed from his involvement in criminal activities. Specifically, Beeche was charged with, and plead *nolo contendere* to, charges of transporting monetary instruments in excess of $10,000 outside the United States without filing a report with the Secretary of Treasury. The Immigration and Naturalization Service (hereafter INS) argued that the unreported transportation of currency in excess of $10,000 was a crime involving fraud and/or moral turpitude, and thus Beeche was properly deportable under 8 U.S.C. § 1251. Beeche contested the deportation proceedings, which lasted approximately nine months. INS required that Beeche post a delivery bond in the amount of $50,000. A delivery

bond obligates the bonding company to produce the alien at each and every request before INS, until the deportation proceedings were terminated or the alien was accepted for detention or deporation. *See Gomez-Granados v. Smith,* 608 F.Supp. 1236 (D.Utah 1985). A bond was posted by Whitice Bonding Agency and secured by property owned by Beeche. The deportation proceedings ultimately terminated on October 20, 1986, the Immigration Judge concluding that the government had failed to meet its burden. The case was subsequently dismissed.

On May 20, 1986, during the deportation proceedings, INS issued form I–323, requesting an interview with Beeche at the INS office in Miami. A copy of this request was sent by certified mail to Whitice Bonding Agency, return receipt dated May 22, 1986. A copy of the request was also sent by certified mail to Plaintiff Beeche. On June 12, 1986, the record indicates that Beeche personally appeared at the United States Embassy in El Salvador and completed form SA–044. Form SA–044 was hand-delivered to INS on June 17, 1986, the date scheduled for the INS interview with Beeche. This form certifies that Beeche did appear at the Embassy to verify his departure from the United States.

Beeche did not appear at the interview in Miami. The Plaintiffs allege that Beeche was unable to attend the June 17 interview because his Visa had been revoked and he was unable to re-enter the United States. Thus, he submitted Form SA–044 to INS to show his inability to attend and to establish that he was not in the United States. On June 26, 1986, the Acting District Director of INS declared a breach of the delivery bond for failure to present Beeche at the June 17 interview. INS concluded that failure to appear warranted forfeiture of the bond. The Plaintiffs appealed the bond breach determination, and said appeal was dismissed on December 11, 1986, by the INS Administrative Unit.

In their complaint, the Plaintiffs allege that INS abused its discretion in declaring the delivery bond breached rather than cancelled. Particularly, the Plaintiffs allege

that INS knew that Plaintiff Beeche was not properly deportable, and demanded an interview with him in bad faith with the intent of evoking forfeiture of the bond. Additionally, the Plaintiffs argue that the bond can only be breached for substantial violation of its terms and conditions, and that a substantial violation did not occur in the instant case.

The first issue to address is whether Plaintiff Beeche has standing to challenge the revocation of the delivery bond at issue. The Defendants bring a 12(b)(6) motion to dismiss, claiming that Beeche lacks standing because there is no significant relationship between Beeche, the principal of the bond, and Defendant INS, to warrant Beeche's participation in the bond dispute. The Defendant argues that only a contractual party to the bond agreement, here the bonding company, can challenge the breach. Thus, the Defendant concludes that since Beeche is not a party to the bond contract, he has insufficient interest in the outcome and lacks standing to bring this action.

There are several flaws in the Defendants' argument that the Plaintiff lacks standing. Standing to sue does not rest solely on the existance of a contractual relationship between the parties. Neither does standing depend on an administrative agency's determination that the bond is breached, and therefore the alien for whom the bond was issued cannot challenge the agency action. Instead, there are other factors outside the contractual or legal relationship of the parties which must be considered to determine whether a party has standing.

■ A basic premise in evaluating standing is whether the party has a personal stake in the outcome. *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). If a party has a sufficient personal stake in the outcome of the case, that party has met one of the requirements for standing. Plaintiff Beeche has a large personal stake in the determination of whether the bond was properly declared breached by INS. It is his residential property that has been mortgaged as collateral for the deliv-

ery bond. If INS is correct in declaring the bond breached because Beeche failed to appear at the interview, then Beeche must forfeit his house to Plaintiff Whitice as compensation for Whitice's $50,000 payment to INS. If the Court determines that the conditions of the bond were not substantially violated, Plaintiff Beeche keeps the residence and Plaintiff Whitice is no longer required to pay the $50,000. Therefore, application of the personal stake considerations indicate Beeche has standing to bring suit.

The issue of standing arose in the case of *Louis v. Meissner,* 532 F.Supp. 881 (S.D. Fla.1982), where the Plaintiffs challenged certain INS procedures used in deportation hearings. There, the Court held that standing requires the challenging party show that he personally suffered some actual or threatened injury as a result of the allegedly illegal acts of the Defendant and that the injury is likely to be addressed by a favorable decision. *Id.* at 890.

It is clear that Beeche has suffered a recognizable injury. He is in imminent risk of having the property interest in his residence foreclosed upon to satisfy his obligations to Whitice Bonding Agency. Thus, in addition to having a personal stake in the outcome, he has suffered an injury sufficient to fulfill the injury in fact requirement. It appears that this injury is a direct result of the agency determination that the bond was breached. Beeche alleges his due process rights were violated by the INS determination that the bond was breached. Particularly, Plaintiff Beeche alleges that the agency determination is an abuse of their discretion. As a result of this putatively illegal conduct Beeche suffers imminent injury to his ownership interest in the collateral residence. Thus, the complaint alleges a causal relationship exists between the allegedly wrongful conduct of the agency and the adverse consequence with which the Plaintiff is threatened. Lastly, standing also requires that the injury is likely to be addressed by a favorable decision. *Id.* Here, a favorable decision would abrogate the Plaintiff's obligation to satisfy the bond and remove the possibility of foreclosure on Beeche's prop-

erty interest. Thus a favorable decision would redress Plaintiff Beeche's imminent injury.

Accordingly, for the reasons set forth above, Plaintiff Beeche does have standing to challenge the INS determination that the delivery bond was breached. The Defendants are incorrect in their assertion that the declaration of breach somehow concludes the issue of whether a party has standing. Nor does standing rest solely on a constractual relationship between parties to a dispute. The complaint contains sufficient allegations to withstand a motion to dismiss for lack of standing.

The second issue before this Court is whether an Order staying the accrual of interest and handling charges on the delivery bond is proper. The record indicates that INS declared the delivery bond breached when Beeche failed to appear for an interview, scheduled during the pendency of the deportation proceeding. The Plaintiffs argue that this interview was arranged solely for the purpose of evoking forfeiture of the immigration delivery bond because INS knew Beeche was out of the United States, that his Visa had been revoked, and, therefore, that he would be unable to attend. The Plaintiffs have chosen to contest the breach, and accordingly, have not yet paid the $50,000 claimed due by INS. The Plaintiffs argue that accrual of handling charges on the bond should be stayed during the pendancy of this action. Specifically, the Plaintiffs argue they should not suffer undue penalty, in the form of interest and fees, because they choose to exercise their right to seek judicial review of an INS action.

■ In determining whether a stay should be granted the Court looks to the following four factors: 1) the likelihood of the moving party ultimately prevailing on the merits; 2) the extent the moving party would be irreparably harmed; 3) potential for harm to the opposing party if the stay is issued and 4) whether issuing a stay would be in the public interest. Generally speaking, the first factor is the most important. *Garcia-Mir v. Meese,* 781 F.2d 1450,

1453 (11th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 289, 93 L.Ed.2d 263 (1986). Determining that a movant demonstrate a probable likelihood of success on the merits is often difficult in the early stages of litigation. This is particularly true in the instant case.

The Plaintiffs challenge a decision of the Administrative Unit declaring the bond breached. A delivery bond is properly declared breached whenever there has been a "substantial violation of the stipulated conditions." 8 C.F.R. § 103.6(e); *Bahramizadeh v. U.S. Immigration and Naturalization Service,* 717 F.2d 1170 (7th Cir.1983). The Defendant argues that the primary purpose of a delivery bond in deportation matters is to insure that the alien will appear at INS when requested, will attend hearings, etc. Moreover, the Defendants argue that INS may strictly construe civil bonds. Accordingly, the Defendants conclude that any failure to appear substantially violates the conditions of the bond. It is clear from the agency ruling that INS concluded that failure to appear at the June 17 interview was a substantial violation of the bond conditions. However, it is not at all clear on what basis the agency reached this conclusion. In fact, the Administrative Appeals Unit Judge, in his opinion, recognizes that in many circumstances where documentary evidence of the alien's timely departure from the United States is received, a finding of substantial compliance with the bond conditions is within the agency's discretion. Later in the same opinion, however, the Judge states that there is no administrative case law allowing for discretionary relief for an alien who departs from the United States while free from detention on a $50,000 delivery bond. This seeming contradiction and the lack of fuller explanation of the agency's decision making troubles this Court and makes evaluation of factor one very difficult.

In determining whether a substantial violation of the bond conditions has occurred, the decision maker should weigh such factors as the extent of the breach, whether it was intentional or accidental on the part of the alien, whether it was in good faith, and whether the alien took steps to make amends or put himself in compliance. *International Fidelity Insurance Company v. Crossland,* 490 F.Supp. 446 (S.D.N.Y. 1980); *Gomez-Granados v. Smith,* 608 F.Supp. 1236. In its Order of December 11, 1986, the Administrative Appeals Unit does not specifically refer to these factors nor does the order evaluate any factors. A reviewing court should not supply a reasoned basis for an agency action that an agency itself did not articulate. *Coriolan v. Immigration and Naturalization Service,* 559 F.2d 993 (5th Cir.1977). Therefore, in the case at bar, this Court will not assume the result of an evaluation of the four factors addressed in determining whether a substantial violation of the bond conditions occurred when the agency decision fails to articulate its own evaluation.

Rather, in determining whether a stay should be granted, the Court will look at the remaining three factors and determine if the balance of the equities weigh heavily in favor of granting the stay. *Garcia-Mir,* 781 F.2d at 1453. If factors two through four weigh in favor of the moving party, a motion to stay may be granted upon a lesser showing of a "substantial case on the merits." *Id.*

■ The extent the moving party will be irreparably harmed is the second factor in determining the propriety of a stay. The Plaintiffs claim they will be irreparably harmed if interest and handling charges continue to accrue while they challenge the agency determination. If the Plaintiffs are required to pay a substantial amount of interest and other charges just because they pursue their right to judicial review of an administrative decision, it seems irreparable harm is likely. The Defendant has not provided any cognizable reason as to why the Plaintiffs will not be harmed. Accordingly, factor two weights in the Plaintiffs favor.

The third factor to address is the potential harm the opposing party would suffer if the stay were granted. If this Court determines that the delivery bond was properly declared breached rather than

cancelled, INS will receive the $50,000 secured by the bond. INS argues it will be harmed by granting the stay because the accrual of interest in mandated by law. The statute and federal regulation cited by INS provides for assessment of interest on debts owed the United States. 31 U.S.C. § 3717; 4 C.F.R. § 102.13 (1987). Section 102.13 grants an agency, such as INS, the right to assess interest and fees. However, 102.13(g) states that an agency shall waive the collection of interest where the assessment would be against the interests of equity. The second sentence of subsection (g) gives an example of when interest might be waived by an agency where a request for reconsideration or administrative review is pending. 4 C.F.R. § 102.-13(g). Thus, INS's argument that the accrual of interest is mandated by law is not correct, as the law cited allows waiver of such interest in certain circumstances. This Court believes that pursuit of one's rights to judicial review is such a circumstance where waiver of interest would be appropriate, and accordingly finds that there is little potential for harm to the Defendants if interest and fees are not accrued during the pendency of this proceeding.

The last factor to consider is whether the public interest is served by an order staying the accrual of interest and handling fees during the pendency of this action. The Government claims the public interest is served by faithful execution of its laws. This is certainly true, however, the public interest is better served by assuring that a governmental agency properly executes its laws. This is the reason why Congress has specifically established judicial review of agency decisions where an individual challenges a particular action as an abuse of that discretion. *Stuyvesant Insurance Company v. District Director, Immigration and Naturalization Services,* 407 F.Supp. 1200 (N.D.Ill.1975). Additionally, the public interest in seeing that its laws requiring immigration bonds are protected, by receipt of $50,000 to the United States, is protected by receipt of the $50,000, if the bond was properly breached. Accordingly,

factor four also weighs in favor of granting the Plaintiffs' motion to stay.

Because factors two through four weigh in favor of the Plaintiffs, the stay should be entered if the Plaintiff has shown a substantial case on the merits. *Garcia-Mir,* 781 F.2d 1450. In *Matter of Don Donaldson,* 13 I. & N. Dec. 553 (1969), the Acting Commissioner held there was substantial compliance with the delivery bond where the alien left the United States and there was proof that the alien had left the country, therefore cancellation of the bond was proper.

Application of this decision to the instant case supports the Plaintiffs' position that there was no breach. Additionally, the Plaintiffs argue that they made good faith efforts to comply with the INS request for an interview by submitting form SA–044 to INS and explaining why Beeche was unable to attend. It is difficult for this Court to agree, at this point in the proceedings, with Defendants' position that Beeche willfully did not appear at the interview to disrupt a deportation appeal he himself instigated. There is no support in the record for such a position. Taking all factors into consideration, the Plaintiff has alleged a substantial case on the merits. Therefore, the factors used in evaluating whether a stay should be granted weigh in favor of such a stay in the instant case.

Accordingly, after a careful review of the record, and the Court otherwise being fully advised in the premises, it is:

ORDERED and ADJUDGED that the Plaintiffs' motion to stay the accrual of interest and handling charges on the delivery bond at issue be, and it is hereby, GRANTED. It is further ORDERED that the Defendants' motion to dismiss Plaintiff Francisco Guirola-Beeche for lack of standing be, and it is hereby DENIED.