**Frank M. CASTANEDA, Appellant,**

v.

**U.S. DEPARTMENT OF JUSTICE, Immigration and Naturalization Service, Kansas City, Missouri, Appellees.**

No. 86–2181.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1987.

Decided Sept. 15, 1987.

Rehearing Denied Oct. 16, 1987.

Roman de la Campa, Sioux City, Iowa, for appellant.

Edward H. Funston, Asst. U.S. Atty., Kansas City, Mo., for appellees.

Before FAGG and WOLLMAN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

This is an appeal from an order of the district court granting summary judgment in favor of the Immigration and Naturalization Service (INS) in appellant's declaratory judgment action that sought to invalidate the INS's order that the terms of an appearance bond had been breached. We affirm.

On December 28, 1981, appellant posted an immigration bond in the amount of $5,000.00 on behalf of Mauro Gonzalez, an alien. Under the terms of the bond, appellant agreed to produce Gonzalez upon each and every request of an immigration officer. Demand was made upon appellant to produce Gonzalez at 2:30 p.m. on March 9, 1983. Appellant thereupon called the immigration judge and requested a continuance so that appellant could obtain a copy of the notice to show cause that had triggered the demand for Gonzalez' appearance at the March 9 hearing. The immigration judge suggested that appellant submit a written request for continuance to the INS attorney who was handling the case so that the request could be brought to the attention of the judge at the hearing. Appellant mailed, and the trial attorney received, such a request.

Apparently assuming that the continuance would be granted, appellant, Gonzalez, and their attorney did not appear at the March 9 hearing. The district director of the INS notified appellant on March 11, 1983, that the bond had been breached. This ruling was affirmed on appeal to the regional commissioner of the INS.

On February 12, 1986, the district court entered an order remanding the case to the regional commissioner to determine whether Gonzalez' failure to appear at the March 9 hearing was a substantial breach of the conditions of the bond within the meaning

of 8 C.F.R. § 103.6(e).[1]  In the course of its ruling, the district court referred to the several factors set forth in *Bahramizadeh v. INS*, 717 F.2d 1170, 1173 (7th Cir.1983). The court also directed the commissioner to give due consideration to the fact that appellant had filed a motion for continuance, citing the district court's opinion in *Gomez-Granados v. Smith*, 608 F.Supp. 1236, 1238–39 (D.Utah 1985).

On reconsideration, the INS reaffirmed its prior ruling.  The INS then filed a motion for summary judgment, asking the district court to confirm the forfeiture of the bond.  In an order dated August 21, 1986, the district court stated that the INS had reviewed the case under the legal standards set forth in the court's February 12, 1986, order, and had concluded that the bond had been substantially breached.  Although the district court indicated that it was troubled by the result that it was required to reach inasmuch as the amount of the forfeiture penalty seemed excessive in the light of what appeared to be simply a "no show" situation, it held that appellant had made no showing that the INS's finding was subject to attack and therefore affirmed the declaration of forfeiture.

On appeal to this court, appellant does not assert that the finding of material breach was incorrect, but rather argues that the district court's order of February 12, 1986, was final and conclusive on the factual and legal issues in controversy and that it required the regional commissioner to order the district director of the INS to refund the heretofore forfeited bond to appellant.

We do not agree with the interpretation that appellant has placed on the district court's February 12, 1986, order.  It seems clear to us that that order directed the regional commissioner to review his earlier determination regarding the materiality of the breach, a directive that the district court's order of August 21, 1986, found the regional commissioner had complied with.

Accordingly, we have no basis upon which to reverse the district court's August 21 order.

In so holding, we share the concern expressed by the district court that the amount of the forfeiture penalty in this case on its face seems to exceed the gravity of the breach of the conditions of the bond.  Had appellant presented this issue on appeal, we might very well have reached a result different from that reached by the district court.  As it is, however, we must decide the case on the issues as presented to us, and on that basis we have no choice but to affirm the order appealed from.

The order is affirmed.

\*    \*    \*    \*    \*    \*

---

1.  8 C.F.R. § 103.6(e) states in applicable part: A bond is breached when there has been a substantial violation of the stipulated conditions.