Marjorie VANCE, on her own behalf and as Next Friend of Linda Barteau, her minor child; and Susan Turner, on her own behalf and as Next Friend of Shane Turner, her minor child; and all others similarly situated; Plaintiffs;

v.

Leo HEGSTROM, Individually and in his official capacity as Director of the Department of Human Resources of the State of Oregon; Keith Putnam, Individually and in his official capacity as Director of the Adult and Family Services Division of the Department of Human Resources of the State of Oregon; and Margaret Heckler, Secretary of the United States Department of Health and Human Services; Defendants.

Civ. No. 85–510–FR.

United States District Court,
D. Oregon.

June 3, 1985.

Order Sept. 11, 1985.

Ira R. Zarov, Kent B. Thurber, Portland, Or., for plaintiffs.

Dave Frohnmayer, Atty. Gen., Mark Braverman, Asst. Atty. Gen., Salem, Or., for State of Or. defendants.

Charles H. Turner, U.S. Atty., Craig J. Casey, Asst. U.S. Atty., Portland, Or., William J. McIntyre, Sp. Asst. U.S. Atty., Seattle, Wash., for Federal defendant.

## OPINION

FRYE, Judge:

The matters before the court are:

1. plaintiffs' motion for preliminary injunction;

2. plaintiffs' motion for summary judgment;

3. defendant United States' cross motion for summary judgment; and

4. defendant State of Oregon's cross motion for summary judgment.

Plaintiffs are heads of households who have been receiving both Aid to Dependent Children (ADC) and Medicaid benefits. As ADC recipients, plaintiffs have been automatically eligible for Medicaid, unless they maintain other health insurance.

Plaintiffs challenge certain actions taken by the defendant, State of Oregon, after the effective date of the Deficit Reduction Act of 1984 (DEFRA), Pub.L. No. 98–369, § 2640, 98 Stat. 1145 (1984), which required states to consider the income of all siblings (including half-siblings) in determining a family's eligibility for FADC. Under this new law, an entire family could become

ineligible for ADC if one of the children received income, such as Social Security benefits, and this child's income, added to other family income, exceeded the eligibility limit for the family. Prior to this change, a parent or caretaker could elect to exclude a child with other income from being considered a member of the household, thereby enabling the remaining family members to receive ADC. Plaintiffs were terminated from ADC as a result of the DEFRA revisions and concurrently were automatically terminated from Medicaid program eligibility. Plaintiffs do not challenge the DEFRA policy of counting the income of siblings in the household for ADC purposes. Plaintiffs object to the automatic termination of Medicaid benefits when the family is found ineligible for ADC because of the DEFRA amendment. Plaintiffs contend that the Medicaid program requirements are not affected by DEFRA and that the Medicaid requirements specifically prohibit the consideration of the income relevant to the DEFRA program.

Plaintiffs seek declaratory and injunctive relief ordering the defendants to reinstate plaintiffs' Medicaid benefits and desist from the practice of counting children's Social Security, child support, or other income pursuant to DEFRA, when determining the Medicaid eligibility of the family.

## STANDARD FOR SUMMARY JUDGMENT

A party is entitled to summary judgment if the court finds that (1) there is no genuine issue of material fact, and (2) the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the burden of establishing the absence of a genuine issue of material fact, and all reasonable doubts and inferences to be drawn from the underlying facts will be resolved against the moving party.

There is no factual dispute in this case. Because the resolution of the dispute turns upon the interpretation of certain statutory provisions, summary judgment is appropriate.

## ANALYSIS

Plaintiffs contend that the eligibility requirements for ADC (after DEFRA) and for Medicaid are different and should be determined separately. Plaintiffs concede that DEFRA requires the states to obtain financial information concerning siblings and half-siblings who reside with the caretaker parents and children who receive ADC and Medicaid, but plaintiffs assert that DEFRA does not amend the relevant Medicaid statute, 42 U.S.C. § 1396a(a)(17)(D), which limits income "deeming" to two specific instances when making Medicaid eligibility determinations. That statute provides:

A state plan for medical assistance must—

(17) include reasonable standards ... for determining eligibility for and the extent of medical assistance under the plan which

. . . .

(D) do not take into account the financial responsibility of any individual for any applicant or recipient of assistance under the plan unless such applicant or recipient is such individual's spouse or such individual's child who is under the age of 21. ...

In addition, Plaintiffs rely upon the following Medicaid regulations:

42 C.F.R. § 435.113, which states:
The agency must provide Medicaid to individuals who would be eligible for ADC *except for an eligibility requirement used in that program that is specifically prohibited under Title XIX.* *Id.* (Emphasis added.)

42 C.F.R. § 435.602, which states:
(a) Except for a spouse of an individual or a parent for a child who is under age 21 or blind or disabled, the agency must not—

(1) *consider income* and resources *of any relative* available to an individual; ... *Id.* (Emphasis added.)

Plaintiffs rely upon three cases which address the issue of the interrelationship between Medicaid and other program regulations. The first is *Gibson v. Puett*, 630 F.Supp. 542 (M.D.Tenn.1984) (memorandum and order granting preliminary injunction). In *Gibson*, the district court found that but for the "deeming" required by DEFRA, the plaintiffs would be categorically needy persons eligible for Medicaid. Because the Medicaid statutes specifically forbid "deeming" unless from a spouse or an individual's child who is under 21, the court found that plaintiffs were "clearly entitled to continued status as categorically needy." The court concluded that the plaintiffs had shown a substantial likelihood of success on the merits because "any determination of plaintiffs' eligibility for medically needy status [was] clearly inappropriate inasmuch as there is no indication that they have lost their status as categorically needy." The court granted plaintiffs' motion for a preliminary injunction because "it would indeed constitute irreparable harm for individuals who were dependent on governmental medical assistance to be without that coverage."

The second case upon which plaintiffs rely is *Massachusetts Ass'n of Older Americans v. Sharp*, 700 F.2d 749 (1st Cir.1983). Here, plaintiffs were families whose Medicaid and Aid to Families of Dependent Children (AFDC) payments were terminated because of an AFDC requirement that the incomes of stepparents be deemed to be the income of the family in determining the stepchild's eligibility for AFDC. The First Circuit Court of appeals vacated the district court's order denying an injunction on the grounds that the plaintiffs had "made an extremely strong showing of likelihood of success on their claim that defendant terminated their Medicaid benefits without following the requisite procedures." 700 F.2d at 753. In addition, the court stated:

> Plaintiffs presented affidavits of several class members who, since termination, have been financially unable to obtain necessary medical treatment. Termi-

nation of benefits that causes individuals to forgo such necessary medical care is clearly irreparable injury. 700 F.2d at 753.

Lastly, plaintiffs rely upon a very recent case decided in the Southern District of Iowa, *Olson v. Reagen*, 631 F.Supp. 154 (S.D.Iowa 1985) (order granting preliminary injunction). In *Olson*, plaintiffs challenged state officials' practice of automatically terminating Medicaid benefits after plaintiffs had been found ineligible for Aid to Dependent Children because of DEFRA. Plaintiffs raised two contentions: (1) that defendant violated federal Medicaid regulations by failing to promptly make an *ex parte* redetermination of plaintiffs' Medicaid eligibility, while continuing plaintiffs' Medicaid benefits, after receiving information about changes in plaintiffs' circumstances that affect their eligibility; and (2) that defendant's policy of attributing the income of siblings and non-parental caretakers to the "eligible group" in determining categorically needy Medicaid eligibility violates the Medicaid statute and regulations.

The court in *Olson* reviewed the relevant statutes (which are the same statutes at issue in the present case) and concluded that the Medicaid Act and DEFRA are inconsistent. The court found that the balance of hardships weighed strongly in favor of the plaintiffs and enjoined the defendant from terminating categorically needy plaintiffs from Medicaid benefits pending final determination of the case.

In support of their claim of irreparable injury, plaintiffs have submitted the affidavits of plaintiffs, explaining that they have been unable to obtain necessary medical care for themselves and for their children.

The federal defendant has submitted a lengthy brief that addresses itself to the legitimacy of the DEFRA program. Plaintiffs do not challenge the DEFRA program. The federal defendant also asserts that no harm is caused by not granting benefits to those who are not eligible. Because the

issue before the court is the determination of *who* is eligible, this is not helpful.

The State of Oregon is following the United States Department of Health and Human Services' interpretation of section 2640 of the Deficit Reduction Act and must rely upon that interpretation absent a compelling reason not to do so.

## CONCLUSION

The opinions of the district courts in Tennessee and Iowa are well reasoned and this court adopts the reasoning of those courts. Medical care cannot be denied without the expectation of irreparable injury.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for summary judgment is GRANTED;

2. Plaintiffs' motion for preliminary injunction is deemed MOOT;

3. Defendant United States' cross motion for summary judgment is DENIED;

4. Defendant State of Oregon's cross motion for summary judgment is DENIED.

## ORDER

■ Plaintiffs petition this court for an award of attorney fees against the defendant State of Oregon pursuant to 42 U.S.C. § 1988 in the amount of $13,750.

On June 3, 1985, this court issued an opinion finding in favor of plaintiffs and ordering the relief they requested. Plaintiffs are therefore prevailing parties and are entitled to an award of attorney fees under 42 U.S.C. § 1988.

Plaintiffs seek an award of $13,750 as compensation for the services rendered by two attorneys. The requested fee is based upon a total of 110 hours spent at the rate of $125 per hour. No multiplier is requested.

Defendant objects, claiming that the number of hours spent on the case and the hourly rate are both excessive.

In reaching its decision the court must use the twelve factors enumerated in *Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir.1975). The court need not discuss each factor, *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983) but has considered all twelve factors to the extent that they apply.

The court turns first to the time and labor required. The hours documented represent the efforts of two attorneys, lead counsel (90 hours) and co-counsel (20 hours). Lead counsel is an attorney familiar with practice in federal court but on related type claims, while co-counsel is an expert on medicaid regulations. It is reasonable for plaintiffs to have two lawyers with different expertise. The documentation of plaintiffs' counsel as to time spent is adequate and the general criticism of defendant that the time spent is excessive is not justified. There is no basis for this court to discount any of the hours claimed by plaintiffs' counsel.

Plaintiffs are persons who had been receiving public assistance and sought the continuation of their medicaid benefits. Their need for legal assistance was substantial and their resources scarce. The case required a high level of skill and was not a desirable case. The result obtained was favorable. Plaintiffs' counsel pursued the case in a most efficient manner, combining the preliminary injunction motion with a motion for summary judgment when it was clear that there were no facts in dispute.

After consideration of all *Johnson* [v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir.1974)] factors applicable under these circumstances, the court finds that the amount requested is reasonable.

Defendant contends that the federal defendant should pay any fees assessed because the State of Oregon did not set the policy challenged by this action. The court declines to accept defendant's contention.

IT IS HEREBY ORDERED that plaintiffs' petition for attorney fees is GRANTED in the amount of $13,750 against defendant State of Oregon.