Earline GIBSON, et al.

v.

Sammie Lynn PUETT, et al.

No. 3–84–1232.

United States District Court,
M.D. Tennessee,
Nashville Division.

Nov. 14, 1985.

Mary M. Mastin, Legal Services of Upper East Tn., Inc., Morristown, Tenn., Brian Paddock, Cookeville, Tenn., Marilyn Devine, Legal Services of Middle Tn., Clarksville, Tenn., Gordon Bonnyman, Legal Services of Middle Tn., Nashville, Tenn., for plaintiffs.

William B. Hubbard, Chief Deputy, Jennifer Helton Small, Deputy, Jim G. Creecy, Associate Chief Deputy, Nashville, Tenn., for defendants.

## MEMORANDUM

JOHN T. NIXON, District Judge.

Pending before the Court are defendants' Motion for Summary Judgment and to Dismiss and plaintiffs' Motion for Partial Summary Judgment. The Court is vested with jurisdiction under 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 1331. For the reasons discussed herein, the Court GRANTS plaintiffs' motion for partial summary judgment and thereby ORDERS declaratory and permanent injunctive relief for plaintiffs such that Medicaid benefits shall continue for the members of the plaintiff class. Defendants' motion for summary judgment and to dismiss plaintiffs' case is DENIED. Because this decision grants the class the relief requested, plaintiffs' remaining claim is DISMISSED without prejudice.

The plaintiffs in this conditionally certified class action are Tennessee "caretakers" of dependent children who have lost their eligibility to participate in the Aid to Families with Dependent Children (AFDC) program because of certain provisions of the Deficit Reduction Act of 1984 (DEFRA), Pub.L. No. 98–369, § 2640, 98 Stat. 1145 (1984). Section 2640 provides that under certain circumstances the incomes of siblings, half-siblings, and grandparents must be "deemed" as income in determining AFDC eligibility. Plaintiffs have challenged defendants' decision to automatically terminate their Medicaid benefits because of the termination of their AFDC grants under DEFRA. The termination of Medicaid benefits was scheduled for December 2, 1984, but defendants have continued Medicaid benefits for the plaintiff class since that date pursuant to this Court's preliminary injunction.

Specifically, plaintiffs allege that the proposed termination of their Medicaid benefits because of the application to them of Section 2640 of DEFRA violates 42 U.S.C. § 1396a(a)(17)(D) and regulations promulgated thereto, 42 C.F.R. §§ 435.113 and 435.602. In addition, plaintiffs allege that the Department of Health and Environment has failed to act properly as the "single state agency" responsible for Tennessee's Medicaid program.

Defendants have moved for summary judgment or for dismissal of both of these claims, arguing that the termination of plaintiffs' Medicaid benefits because their AFDC assistance was terminated does not violate the Medicaid statute and that defendants have not violated the "single state

agency" principle. In response, plaintiffs have moved for partial summary judgment on the issue of the interpretation of the Medicaid statute. As plaintiffs request, the Court will consider the statutory interpretation question first because a ruling in plaintiffs' favor on this issue would grant the class the relief requested in this case without the need for further adjudication.

■ The Medicaid program is governed by 42 U.S.C. § 1396, *et seq.*, (also referred to as Subchapter or Title XIX). If a state chooses to participate in the Medicaid program, it must abide by the requirements of the act and all regulations promulgated in pursuance of the act by the Secretary of Health and Human Services. 42 U.S.C. § 1396a. *See Schweiker v. Gray Panthers*, 453 U.S. 34, 36–37, 101 S.Ct. 2633, 2636–37, 69 L.Ed.2d 460 (1981). There are two categories of participants in the Medicaid program. The "categorically needy" are individuals who already receive aid through certain federal programs such as AFDC or who would be entitled to receive AFDC payments except for an eligibility requirement that is prohibited under the Medicaid program. *Massachusetts Association of Older Americans v. Sharp*, 700 F.2d 749, 750 (1st Cir.1983) (citing *Gray Panthers*, 453 U.S. at 37, 101 S.Ct. at 2637). The second category, the "medically needy," are individuals whose incomes exceed the maximum amounts under the relevant federal assistance programs but who are unable to pay for their medical expenses. *Id.*

It is the defendants' position that they have properly construed the Medicaid statute to exclude plaintiffs from the category of categorically needy. Defendants contend that after the passage of Section 2640, plaintiffs may be eligible for Medicaid only if they are covered by one of the state's optional coverage plans for the medically needy.[1] Plaintiffs, on the contrary, contend that the Medicaid statute requires that their Medicaid eligibility be evaluated without consideration of the deeming authorized by Section 2640 of DEFRA because such deeming is specifically prohibited by the Medicaid statute and regulations.

The Medicaid statute requires states to include reasonable standards for determining eligibility for medical assistance which "do not take into account the financial responsibility of any individual for any applicant or recipient of assistance under the plan unless such applicant or recipient is such individual's spouse or such individual's child who is under age 21...." 42 U.S.C. § 1396a(a)(17)(D). This provision specifically forbids deeming unless from a spouse or an individual's child who is under the age of twenty-one. The regulation implementing § 1396a(a)(17)(D) provides that, "except for a spouse of an individual or a parent for a child who is under age 21 or blind or disabled, the agency must not—(1) consider income and resources of any relative available to an individual." 42 C.F.R. 435.602. In addition, another Medicaid regulation provides that each "state Medicaid agency must provide Medicaid to individuals who would be eligible for AFDC except for an eligibility requirement used in that program that is specifically prohibited under Title XIX." 42 C.F.R. § 435.113. These provisions dictate first that deeming of sibling and non-parental caretaker income, as required by § 2640, is not permissible under § 1396a(a)(17)(D) and regulation 435.602; and secondly, that such deeming is an "eligibility requirement used in [the AFDC program] that is specifically prohibited under Title XIX" (i.e., § 1396a(a)(17)(D)) under regulation 435.113. Thus, under regulation 435.113, the state must provide Medicaid benefits under the categorically needy category to those recipients who are ineligible for AFDC benefits due to consideration of sibling income or non-parental caretaker income. This in-

---

1. The state acknowledges that it may not terminate the Medicaid coverage of any of the plaintiffs without first providing them with at least an ex parte determination of their eligibilities for Medicaid under the medically needy category

ry and an opportunity by each plaintiff to appeal a decision that would terminate his or her Medicaid coverage. *See Crippen v. Kheder,* 741 F.2d 102, 107 (6th Cir.1984).

terpretation was first adopted by the Court in its December 5, 1984 Order granting preliminary injunctive relief.

This interpretation is supported by the rationale of *Massachusetts Association of Older Americans v. Sharp*, 700 F.2d 749 (1st Cir.1983), which involved a newly enacted AFDC eligibility law providing that stepparent income would be deemed to AFDC recipients. The plaintiffs sought preliminary injunctive relief to prohibit the automatic termination Medicaid of their benefits because their AFDC benefits had been terminated due to deeming of stepparent income. *Id.* at 753. The First Circuit found such relief appropriate because there was a substantial likelihood of success on the merits in plaintiffs' claim that their benefits had been terminated in violation of the Medicaid statute and regulations. In other words, the court found merit in plaintiffs' claim that they were still covered as categorically needy because they would have been eligible for AFDC cash assistance but for the deeming of stepparent income, an eligibility requirement specifically excluded from consideration in Medicaid eligibility. *Id.* at 751.

The Department of Health and Human Services' Health Care Financing Administration, the federal agency in charge of enforcing Medicaid, has implicitly approved the *Sharp* decision. It has stated that states may not deny Medicaid "to individuals who would be eligible for cash assistance but for their failure to satisfy requirements of the cash assistance programs which are specifically prohibited under the Medicaid program," referring specifically to the AFDC requirement of deeming of stepparent income. HCFA Program Issuance transmittal notice, Region IV, March 26, 1984.

Moreover, two other district courts have ruled on the same issue as presented in this case, adopting the interpretation used by this Court. *See Olson v. Reagen*, No. 85–101–A (S.D.Iowa, Apr. 11, 1985) (Order granting preliminary injunction); *Vance v. Hegstrom*, 629 F.Supp. 747 (D.Or., 1985) (Order granting summary judgment).

Defendants contend that by losing the AFDC benefits, plaintiffs automatically lose their status as categorically needy. This contention is incorrect in that it ignores one of the bases for determining elgibility under Medicaid's categorically needy classification. The federal regulations include among the persons eligible for mandatory Medicaid coverage as categorically needy those "individuals who would be eligible for AFDC *except for* an eligibility requirement used in that program that is specifically prohibited under Title XIX." (emphasis added) 42 C.F.R. § 435.113.

Thus, the Court concludes that the plaintiff class continues to have *mandatory* categorical Medicaid eligibility because they have lost their AFDC eligibility pursuant to an AFDC eligibility requirement, i.e., deeming from child to parent, that is specifically prohibited by the Medicaid statute and regulations. The cases cited by defendants, *Crippen v. Kheder*, 741 F.2d 102 (6th Cir.1984) and *Phillips v. Noot*, 728 F.2d 1175 (8th Cir.1984), are not inconsistent with this reasoning. In neither of these cases was the loss of cash assistance that resulted in the loss of Medicaid benefits due to an eligibility requirement for the cash assistance program which was prohibited by the Medicaid statute and regulations.

Based on the conclusion that plaintiff never lost their categorically needy status, several of defendants' related arguments fail. First, defendants argue that, once individuals are no longer eligible for Medicaid as categorically needy, the state must determine whether they are eligible for Medicaid on some other basis. This statement is true, but not relevant to the present issue because plaintiffs have not lost their status as categorically needy. Moreover, because continued Medicaid coverage for the plaintiff class is mandatory, not optional, the possibility that some plaintiffs may be covered under an optional medically needy program does not negate the state's obligation to provide Medicaid if

they fall within a mandatory eligibility group.

Secondly, defendants argue that interpreting C.F.R. 453.113 and 435.602 as precluding a state from cutting off Medicaid benefits to individuals whose AFDC has been terminated because of the application of § 2640 of DEFRA would "repeal by implication most of 42 U.S.C. § 1396(a)." Section 1396a establishes state authority to determine which optional programs should be implemented. Defendants' argument sweeps too broadly and is therefore unpersuasive in that the Medicaid statute and regulations only prevent a state from excluding from the categorically needy those individuals who would be eligible for AFDC but for an eligibility requirement specifically prohibited by the Medicaid laws.

Finally, defendants argue that the Court should not presume congressional intent to impose additional fiscal responsibilities upon the states in instances where Congress has terminated benefits, citing *Harris v. McRae*, 448 U.S. 297, 309, 100 S.Ct. 2671, 2684, 65 L.Ed.2d 784 (1980). In the present situation, the state receives federal matching funds for the Medicaid program separately from the AFDC program. There is no indication from the federal government that the state will not receive its federal matching funds for the Medicaid which it continues to provide for this plaintiff class. The federal government has not issued any instructions to the state on whether persons who would be eligible for AFDC cash grant assistance but who have lost their AFDC eligibility because of the deeming provided for under Section 2640 of DEFRA should continue to receive Medicaid. Moreover, as plaintiffs point out, in the closely analogous situation of stepparent deeming, the federal government directed states that persons who had lost their AFDC eligibility because of stepparent deeming must continue to receive Medicaid because such deeming was specifically prohibited by the Medicaid statute and regulations. *See* Transmittal, *supra.* Thus, defendants' argument is unsupported.

In conclusion, the Court GRANTS plaintiffs' motion for partial summary judgment on the issue of the statutory construction of the Medicaid statute and regulations promulgated thereunder. Appropriate declaratory and injunctive relief as set forth in the contemporaneously entered Order shall issue. Because this ruling grants plaintiffs the complete relief requested, plaintiffs' alternate claim, which alleges that the Tennessee Department of Health and Environment has failed to act properly as the "single state agency" responsible for Tennessee's Medicaid program is DISMISSED without prejudice.