Diane OLSON, Lorrie Green, by her legal guardians, Michael and Jacqolyn Wright; and Jennifer Kay Bechen, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Michael REAGEN, Individually and in his capacity as Commissioner, Iowa Department of Human Services, Defendant,

v.

Margaret HECKLER, Secretary United States Department of Health & Human Services, Third-party Defendant.

Civ. No. 85–101–A.

United States District Court,
S.D. Iowa, C.D.

March 14, 1986.

Martin Ozga, Legal Services, Des Moines, Iowa, Ann Zenk, Legal Services, Council Bluffs, Iowa, Richard R. Gleason, Legal Services, Dubuque, Iowa, for plaintiff.

Thomas J. Miller, Atty. Gen. of Iowa, Gordon E. Allen, Sp. Asst. Atty. Gen., Daniel W. Hart, Asst. Atty. Gen., Des Moines, Iowa, for defendant Reagen.

Richard C. Turner, U.S. Atty., Christopher D. Hagen, Asst. U.S. Atty., Des Moines, Iowa, Paul Cacioppo, Regional Atty., Dept. of Health & Human Services, Kristi A. Schmidt, Kansas City, Mo., for defendant Heckler.

## ORDER

STUART, District Judge.

This matter comes before the Court on plaintiffs' motion for class certification and the parties' cross-motions for summary judgment. Although the motions have been resisted, no party has requested a

hearing. The Court views the matter as one which may be resolved without a hearing. Accordingly, the motions are deemed fully submitted, and the Court will proceed to rule thereon.

This lawsuit challenges the defendant's policy of automatically terminating the Medicaid benefits of Iowa parents and children whose benefits under the Aid to Families with Dependent Children ("AFDC") program have been terminated because of certain provisions of the Deficit Reduction Act of 1984 ("DEFRA"), Pub.L. No. 98–369, § 2640.[1] The defendant is Michael Reagen, Commissioner of the Iowa Department of Human Services. Margaret Heckler, past Secretary of the United States Department of Health and Human Services, has been named as a third-party defendant. The plaintiffs are individuals who have been adversely affected by defendant's policy.

Plaintiff Diane Olson lives with her four children in Coon Rapids, Iowa. One of her children, Jamie, receives Social Security death benefits, based on the account of his late father, in the amount of $493.00 per month. After implementation of DEFRA, Jamie's income was included in determining the family's eligibility for AFDC. As a result, the entire family was deemed ineligible for AFDC. Because they no longer qualified for AFDC, the family was also denied categorical eligibility for Medicaid benefits.

Plaintiff Lorrie Greene is sixteen years old and lives with her child and her legal guardians, Michael and Jacqolyn Wright, in Shenandoah, Iowa. After DEFRA, as a result of including the Wrights' income in determining her eligibility for AFDC, plaintiff and her child no longer qualified for AFDC. Consequently, they also lost their categorical eligibility for Medicaid benefits.

Plaintiff Jennifer Kay Bechen is eighteen years old and lives with her son, Jessie, in her parents' home. After DEFRA, Jennifer lost her AFDC and Medicaid benefits

due to defendant's finding that her parents' income was available to her. Her son also lost his benefits because his grandparents' income was deemed available to him.

## OPERATION OF THE MEDICAID AND AFDC PROGRAMS

Medicaid is a cooperative federal-state program established in 1965 as Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* It provides payments for medical services rendered to certain needy individuals whose income and resources are insufficient to meet the costs of these services. 42 U.S.C. § 1396; *Schweiker v. Gray Panthers*, 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981). States are not required to participate in the Medicaid program, but if they choose to do so and if they comply with the requirements of the Act and the regulations promulgated by the Secretary, the federal government reimburses them for a portion of the cost. 42 U.S.C. § 1396b.

There are two types of Medicaid beneficiaries, the "categorically needy" and the "medically needy." Participating states must provide assistance to the categorically needy and may choose to provide assistance to the medically needy. The categorically needy are those persons who receive federal aid through other cash assistance programs such as AFDC and Supplemental Security Income or who would receive AFDC but for an eligibility requirement that does not apply to the Medicaid program. The medically needy are persons who are unable to pay for medical expenses, but whose income is too large to qualify for aid under other federal financial assistance programs. *See Gray Panthers, supra,* 453 U.S. at 37, 101 S.Ct. at 2636.

In the case at hand, before DEFRA each plaintiff qualified as categorically eligible and thus automatically received Medicaid benefits.

---

**1.** In their complaint, plaintiffs also claimed that certain federal regulations require defendant to determine eligibility under other coverage provisions before terminating a categorically needy recipient's Medicaid benefits. This claim has been settled and will not be discussed here.

In addition to requiring participating states to provide assistance to AFDC recipients, the Medicaid statutes direct the states to determine eligibility without taking "into account the financial responsibility of any individual for any applicant or recipient of assistance under the plan unless such applicant or recipient is such individual's spouse or such individual's child who is under age 21...." 42 U.S.C. § 1396a(a)(17)(D); 42 C.F.R. 435.602 (implementing regulation).

Of critical significance to this litigation is the Secretary's regulation requiring states to "provide Medicaid to individuals who would be eligible for AFDC except for an eligibility requirement used in that program that is specifically prohibited under Title XIX." 42 C.F.R. § 435.113.

Like Medicaid, AFDC is also a cooperative federal-state program, established in 1935 as Title IV–A of the Social Security Act, 42 U.S.C. § 601 *et seq.* It provides financial assistance to needy children in households in which at least one parent is absent or incapacitated. To qualify for AFDC, the income and resources available to the applicant's "filing unit" must fall below certain standards. Before DEFRA, there was no requirement that all family members residing in the same household be included in the filing unit. As part of the effort to reduce the federal deficit, however, Congress changed the composition of the AFDC filing unit by adding subparagraphs 38 and 39 to the Social Security Act, which require the states to:

> (38) provide that in making the determination [of eligibility for AFDC], the State agency shall ... include—
>
> > (A) any parent of such child, and
> >
> > (B) any [minor] brother or sister of such child ..., if such parent, brother or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination ...; and
>
> (39) provide that in making the determination [of eligibility for AFDC] with respect to a dependent child whose par-

ent or legal guardian is under the age selected by the State ..., the State agency shall ... include any income of such minor's own parents or legal guardians who are living in the same home as such minor and dependent child....

42 U.S.C. § 602(a) (1985).

Because of these changes, plaintiffs are no longer eligible for AFDC. As a result, defendant has taken the position that they have also lost their categorical eligibility for Medicaid. It is this position that plaintiffs now challenge.

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

■ Plaintiffs seek certification of two subclasses. Subclass I, represented by Diane Olson and Lorrie Greene, is comprised of all persons in the State of Iowa who, since December 1, 1984, have had their Medicaid coverage terminated as a result of the deeming, for AFDC eligibility purposes, of income of children or non-parental caretakers under 42 U.S.C. § 602(a)(38) and 42 U.S.C. § 602(a)(39). Subclass II, represented by Jennifer Kay Bechen, is comprised of all persons in the State of Iowa who, since December 1, 1984, have had their Medicaid coverage terminated as a result of the deeming, for AFDC eligibility purposes, of the income of grandparents to minor children under 42 U.S.C. § 602(a)(39).

Rule 23(a) of the Federal Rules of Civil Procedure sets forth four prerequisites to certification of a class action:

> (i) "numerosity"—the class must be "so numerous that joinder of all members is impracticable;" (ii) "commonality"—the presence of questions of law or fact common to the class;" (iii) "typicality"—the claims or defenses of the class representative must be "typical of the claims or defenses of the class;" and (iv) a class representative that will "fairly and adequately protect the interests of the class."

*Paxton v. Union National Bank,* 688 F.2d 552, 559 (8th Cir.1982), *cert. denied,* 460

U.S. 1083, 103 S.Ct. 1772, 76 L.Ed.2d 345 (1983).

Defendant argues that class certification should be denied because plaintiffs' claims may not be typical of the proposed classes and because plaintiffs may not adequately represent the interests of the proposed classes. Having carefully considered defendant's arguments, the Court nonetheless finds that these concerns are not of sufficient gravity to stand in the way of certification.

In addition to compliance with the requirements of Rule 23(a), plaintiffs must show that they meet one of the conditions of Rule 23(b). For this purpose, plaintiffs rely on Rule 23(b)(2): "[T]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; ...." Defendant contends that plaintiffs failed to satisfy Rule 23(b)(2) because class relief is not necessary and offers no greater relief than if the individual plaintiffs on their own behalf successfully challenged defendant's Medicaid policy. As plaintiffs correctly point out, however, the standard is not whether class relief is necessary, but whether such relief is appropriate. The Court finds that plaintiffs have met this standard. At any rate, because plaintiffs' complaint seeks notice relief as well as declaratory and injunctive relief, class certification would be necessary in the event plaintiffs prevail.

For the foregoing reasons, the Court finds that plaintiffs' request for class certification should be granted. *See Gibson v. Puett,* 630 F.Supp. 542 (M.D.1985) (class action certified in case presenting same issues).

## ATTRIBUTING SIBLING AND NON–PARENTAL CARETAKER INCOME TO RECIPIENTS FOR PURPOSES OF DETERMINING CATEGORICALLY NEEDY MEDICAID ELIGIBILITY

Plaintiffs do not challenge the effect of DEFRA on their eligibility for AFDC. They challenge only defendant's policy determination that if a filing unit loses its eligibility for AFDC due to application of DEFRA, then it also loses its categorical eligibility for Medicaid. Defendant, in turn, alleges that the State was required to adopt the challenged policy in order to comply with instructions from the Secretary. In her Answer to defendant's Third-party Complaint, the Secretary admits that defendant's policy is consistent with her directives.

In its earlier Order granting plaintiff's request for preliminary injunctive relief, the Court, after reviewing the pertinent statutes and regulations and rejecting two arguments advanced by defendant, concluded:

It is reasonable to interpret these provisions to dictate that (1) consideration of sibling income and non-parental caretaker income, as required by § 2640, is not permissible under § 1396a(a)(17)(D) and regulation 435.602; (2) consideration of sibling income and non-parental caretaker income is an "eligibility requirement used in [the AFDC program] that is specifically prohibited under Title XIX" (i.e., § 1396a(a)(17)(D)) under regulation 435.-113; and (3) that under regulation 435.-113 the State must provide categorically needy Medicaid benefits to those recipients who are ineligible for AFDC benefits due to consideration of sibling income or non-parental caretaker income. This interpretation has been taken by one district court. *Gibson v. Puett,* No. 3–84–1232, slip op. at 5–7 (M.D.Tenn. Dec. 5, 1984)....

Subsequent to the Court's earlier Order, other district courts have adopted the interpretation set forth above. *Vance v. Hegstrom,* 629 F.Supp. 747 (D.Or.1985); *Sundberg v. Mansour,* 627 F.Supp. 616 (W.D. Mich.1986); *Malloy v. Eichler,* 628 F.Supp. 582 (D.Del.1986).

The Secretary, who was not a party to this lawsuit at the time preliminary injunctive relief was granted, has raised additional arguments in support of defendant's policy. The Secretary first argues that, in

enacting § 1396a(a)(17)(D), Congress intended "to avoid the family disharmony inherent in further burdening adult relatives, already possessing responsibility for their own support and that of their dependents." Thus, the Secretary asserts, it is consistent with congressional intent to read § 1396a(a)(17)(D) as permitting the deeming of *sibling* income to the filing unit. Only the deeming of the income of adult relatives is disallowed. The Secretary next argues that this interpretation of § 1396a(a)(17)(D) is entitled to "legislative effect," citing, among other cases, *Schweiker v. Gray Panthers*, 453 U.S. 34, 44, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981).

In *Gray Panthers*, the Supreme Court was asked to resolve a challenge to a federal regulation that permitted states to include in the financial resources "available" to a Medicaid applicant a portion of the income of the applicant's spouse. Under 42 U.S.C. § 1396a(a)(17)(B), participating states must grant benefits to eligible persons "taking into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, available to the applicant." In view of this delegation of substantive authority, the Court found that the Secretary's definition of the term "available" was entitled to "legislative effect," rather than mere deference. 453 U.S. at 44, 101 S.Ct. at 2640. Thus, the Court's task was limited to ensuring that the Secretary did not exceed his statutory authority and that the regulation was not arbitrary or capricious:

> We do not think that the regulations at issue, insofar as they authorize some "deeming" of income between spouses, exceed the authority conferred on the Secretary by Congress. Section 1902(a)(17)(D) of the Act, 42 U.S.C. § 1396a(a)(17)(D), enacted in 1965, provides that, in calculating benefits, state Medicaid plans must not
>
> 'take into account the financial responsibility of any individual for any applicant or recipient of assistance under the plan *unless such applicant or recipient*

*is such individual's spouse* or such individual's child who is under age 21 or [in certain circumstances] is blind or disabled....' (Emphasis added.)

It thus is apparent that, from the beginning of the Medicaid program, Congress authorized States to presume spousal support. *Norman v. St. Clair*, 610 F.2d 1228, 1236 (CA 5 1980), cert. pending *sub nom. Schweiker v. Norman*, [453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1005 (1981)], No. 80–498.

> The legislative history of this provision is fully consistent with its language. The Senate and House Reports accompanying the 1965 amendments used virtually identical language in endorsing the concept of "deeming" between spouses. The Senate Report states in pertinent part:
>
> 'The committee believes it is proper to expect spouses to support each other and parents to be held accountable for the support of their minor children ... Such requirements for support may reasonably include the payment by such relative, if able, for medical care. Beyond such degree of relationship, however, requirements imposed are often destructive and harmful to the relationships among members of the family group. Thus, States may not include in their plans provisions for requiring contributions from relatives *other than a spouse or the parent of a minor child....*" S.Rep. No. 404, 89th Cong., 1st Sess., 78 (1965) (emphasis added).

453 U.S. at 44–45, 101 S.Ct. at 2640–41.

As noted, the Supreme Court applied an arbitrary and capricious standard in reviewing the regulation at issue. In the instant case, the Secretary's statements of policy have not been memorialized in regulation form. The Court believes, however, that the same standard of review should apply here as was used in *Gray Panthers*. It should be the delegation of authority, not the form in which the authority is exercised, that determines the standard of review. *Contra, Malloy v. Eichler*, 628 F.Supp. 582, 593 (D.Del.1986).

■ Quite obviously, the Supreme Court in *Gray Panthers* based its determination that the Secretary had not exceeded his authority on an explicit statutory provision permitting the deeming of spousal income. There is no such provision permitting the deeming of sibling or non-parental income. To the contrary, both the clear language of the statute and the legislative history indicate that it is impermissible, and beyond the authority delegated to the Secretary, to deem available to the filing unit income from relatives other than a spouse or the parent of a minor child.

The Secretary argues that the benefits to plaintiff Bechen's son were cancelled because the income and resources of his grandparents were deemed available to him through deeming to his mother, thereby disqualifying him as categorically eligible for Medicaid. Subparagraph 39 of 42 U.S.C. § 602(a) requires the state agency to include "any income of such minor's own parents or legal guardians who are living in the same home as such minor and dependent child." The Secretary urges that this provision of the AFDC statutes does not conflict with § 1396a(a)(17)(D) of the Medicare statutes stating:

Section 1396a(a)(17)(D) does not prohibit the consideration for medicaid purposes of the grandparents income as available to his or her minor child, i.e. the minor parent. Since C.F.R. § 435.712 requires that the parents income be considered in determining the eligibility of a minor child until age 21, the minor parents' disqualification from medicaid would result from permissible parent deeming rather than grandparent deeming.

The Court cannot accept this "trickle down" theory as being a reasonable interpretation of Section 1396a(a)(17)(D). It is contrary to congressional intent as shown by the Secretary's own brief and argument.

The Medicaid statute prohibits the State agency from taking into account the financial responsibility of any individual for any applicant or recipient unless such applicant or recipient is such individual's spouse or child under age 21. 42 U.S.C. § 1396(a)(17)(D). Congress indicated its intent as follows:

The committee has heard of hardships on certain individuals by requiring them to provide support and to pay for the medical care needed by relatives. *The committee believes it is proper to expect* spouses to support each other and *parents to be held accountable for the support of their minor children* and their blind or permanently and totally disabled children even though 21 years of age or older. Such requirement for support may reasonably include the payment by such relative, if able, for medical care. *Beyond such degree of relationship, however, requirements imposed are often destructive and harmful to the relationship among members of the family group. Thus, States may not include in their plans provisions for requiring contributions from relatives other than* a spouse or *the parent of a minor child* or children over 21 who are blind or permanently and totally disabled. Any contributions actually made by relatives or friends, or from other sources, will be taken into account by the State in determining whether the individual applying for medical assistance is, in fact, in need of such assistance. (Emphasis supplied)

S.Rep. No. 404 (Finance Committee), 89th Cong., 1st Sess. 78 *reprinted in* 1965 U.S.Code Cong. & Admin.News 1943, 2018; H.Rep. No. 213 (Ways and Means Committee), 89th Cong., 1st Sess. 68 (1985).

The double deeming sought by the Secretary would have the effect of extending the burden of paying for medical care to grandparents, contrary to the Congressional intent to limit that responsibility to spouses and parents. It follows that the Secretary has exceeded her statutory authority in deeming the income of grandparents to the grandchild, through the minor mother, in

determining the grandchild's eligibility for medicaid.

## CONCLUSIONS

For the reasons set forth above, the Court finds that plaintiffs' motion for class certification should be granted. The Court further finds that consideration of the income of siblings and non-parental caretakers is not permissible under § 1396a(a)(17)(D). Therefore, in accordance with 42 C.F.R. § 435.113, categorically needy Medicaid benefits must be provided to those recipients who are ineligible for AFDC benefits due to consideration of sibling or non-parental caretaker income.

## RELIEF

IT IS THEREFORE ORDERED that plaintiffs' motion for class certification is hereby granted.

IT IS FURTHER DECLARED AND ORDERED that defendant is hereby permanently enjoined from denying categorically needy Medicaid benefits to persons who have lost their eligibility for Aid to Families With Dependent Children due to consideration of sibling or non-parental caretaker income.

IT IS FURTHER ORDERED that defendant has until thirty days from the date of this Order to notify class members of their right to seek relief through administrative channels for Medicaid benefits wrongfully withheld since December 1, 1984.

IT IS FURTHER ORDERED that plaintiffs are directed to file within 15 days of the date of this Order an itemized statement of costs and attorneys' fees. Defendant and third-party defendant will then have 10 days to respond to plaintiffs' statement.