833 F.2d 231
 19 Soc.Sec.Rep.Ser. 573, Medicare&Medicaid Gu 36,730
Contessa CHILDRESS, et al., Plaintiffs-Appellants/Cross-Appellees,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee/Cross-Appellant,
and
Ruben A. Valdez, Director, Colorado Department of Social
Services, Defendant-Appellee.
 Nos. 86-1514, 86-1529, 86-1941 and 86-2005.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 12, 1987.
 
 R. Eric Solem, Pikes Peak Legal Services, Colorado Springs, Colo. (Brian Patrick Lawlor, Colorado Rural Legal Services, Denver, Colo., and Jacquelyn J. Higinbotham, Colorado Rural Legal Services, Fort Morgan, Colo., with him on the briefs), for plaintiffs-appellants/cross-appellees.
 James R. Cage, Asst. U.S. Atty., D.Colo. (Robert N. Miller, U.S. Atty. for D.Colo., Ronald S. Luedemann, Chief Counsel, Region VIII, and Jay A. Swope, Asst. Regional Counsel, Dept. of Health and Human Services, Denver, Colo., of counsel, with him on the briefs), for defendant-appellee/cross-appellant Otis R. Bowen.
 Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Vivianne Chaumont Oates, Asst. Atty. Gen., Human Resources Section, Denver, Colo., on the brief for defendant-appellee Ruben A. Valdez.
 Before McKAY and SEYMOUR, Circuit Judges, and SAFFELS, District Judge.[1]
 McKAY, Circuit Judge.
 
 
 1
 In an effort to reduce the federal deficit, Congress enacted the Deficit Reduction Act of 1984, Pub.L. No. 98-369 Sec. 2640, 98 Stat. 494, 1145 (1984). Section 2640 amends the eligibility requirements for persons claiming benefits under the Aid to Families with Dependent Children (AFDC) program established by Title IV-A of the Social Security Act, 42 U.S.C. Secs. 601 et seq. (1982). As amended, Title IV-A requires the Secretary of Health and Human Services to include sibling income when determining whether a family's overall income makes the family eligible for AFDC benefits. See 42 U.S.C. Sec. 602(a)(38) (Supp.1984).
 
 
 2
 When the Secretary evaluated the plaintiffs' eligibility under the revised AFDC standard, the plaintiffs' income, including sibling income received in the form of child support payments, was found sufficient to reduce their AFDC benefits or eliminate them entirely. As an additional consequence of the Title IV-A amendment, in the instances in which the plaintiffs lost their AFDC benefits, they also forfeited their statutory entitlement to Medicaid benefits. See 42 U.S.C. Sec. 1396a(a)(10) (1982) (persons qualifying for AFDC benefits are also entitled to Medicaid benefits).
 
 
 3
 In the district court, the plaintiffs challenged the application of the AFDC amendment and sought the restoration of both their AFDC and Medicaid benefits. They also challenged the constitutionality of the AFDC amendment and the Secretary's interpretation of the amendment's effect on their eligibility for Medicaid benefits. The district court found the revised AFDC requirements constitutional and granted summary judgment in favor of the Secretary on the AFDC issue. The district court ruled that the AFDC eligibility requirements could not be used to determine the family's eligibility for Medicaid benefits. It granted summary judgment in favor of the plaintiffs on the Medicaid issue. Plaintiffs appeal the district court's ruling on the constitutionality of the AFDC eligibility requirements and the Secretary cross-appeals the Medicaid ruling.[2]
 
 
 4
 Two issues are presented on appeal: (1) whether the AFDC amendment, 42 U.S.C. Sec. 602(a)(38), requiring inclusion of sibling income in determining AFDC eligibility is constitutional; and (2) provided the AFDC amendment is constitutional, may this mandatory inclusion of sibling income be used to calculate family income for the purpose of determining the family's eligibility for Medicaid benefits.
 
 
 5
 Since this court heard oral argument in this matter, the United States Supreme Court has ruled on the issues presented by the plaintiff concerning the constitutionality of the AFDC requirements. In Bowen v. Gilliard, --- U.S. ----, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1987), the Supreme Court held the AFDC requirements to be constitutional. This determination effectively disposes of all the AFDC issues presented in this appeal. Accordingly, the district court's grant of summary judgment on the AFDC issue is affirmed.
 
 
 6
 The Medicaid issue was never raised in Gilliard. The Supreme Court has not otherwise ruled on whether the AFDC eligibility requirements may be used to terminate a family's Medicaid benefits. Although the Supreme Court has not addressed the Medicaid issue, other federal courts have. The Ninth Circuit was the first circuit to consider this issue directly. Vance v. Hegstrom, 793 F.2d 1018 (9th Cir.1986). The Court of Appeals for the Ninth Circuit ruled that the Secretary was precluded by the Act from using the AFDC inclusion of sibling income "for the purpose of establishing Medicaid eligibility." Id. at 1026; see 42 U.S.C. Sec. 1396a(a)(17)(D). The reasoning in Vance has been followed by the Seventh and Eighth Circuits, Reed v. Blinzinger, 816 F.2d 296 (7th Cir.1987); Olson v. Norman, 830 F.2d 811 (8th Cir.1987), and uniformly by all the district courts considering the issue in published opinions. Vance v. Hegstrom, 629 F.Supp. 747 (D.Or.1985), aff'd, 793 F.2d 1018 (9th Cir.1986); Gibson v. Puett, 630 F.Supp. 542 (M.D.Tenn.1985); Malloy v. Eichler, 628 F.Supp. 582 (D.Del.1986); Olson v. Reagen, 631 F.Supp. 154 (S.D.Iowa 1986), aff'd, 830 F.2d 811 (8th Cir.1987); Reed v. Blinzinger, 639 F.Supp. 130 (S.D.Ind.1986), aff'd, 816 F.2d 296 (7th Cir.1987); Sundberg v. Mansour, 627 F.Supp. 616 (W.D.Mich.1986), rev'd, 831 F.2d 610 (6th Cir.1987); and Ward v. Wallace, 652 F.Supp. 301 (M.D.Ala.1987).
 
 
 7
 Recently, a Sixth Circuit panel, with one judge dissenting, rejected the Ninth Circuit opinion in Vance. Sundberg v. Mansour, 831 F.2d 610 (6th Cir.1987). While there is much to be said for the Sixth Circuit parsing of legislative history, the extant opinions demonstrate that an appeal to legislative history provides no clear mandate for the resolution of this difficult issue. In view of the almost unanimous adoption of the Ninth Circuit position, we conclude that we will join in that judgment until such time as the Supreme Court or Congress considers it necessary to resolve the conflict created by the less than unanimous Sixth Circuit panel. We therefore conclude that 42 U.S.C. Sec. 1396a(a)(17)(D) precludes the Secretary from applying 42 U.S.C. Sec. 602(a)(38) to include sibling income in calculating family income for the purpose of determining Medicaid benefits. The district court's order of summary judgment on the Medicaid issue is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation
 
 
 [2]
 Four appeals are combined in this case. This court ordered the parties to address the issue of whether appeals 86-1514 and 86-1529 were from a final order. The record reveals and the parties concede that these two appeals were noticed prior to the final judgment entered May 5, 1986. Thus appeals 86-1514 and 86-1529 are dismissed as premature. This dismissal prejudices none of the parties because appeals 86-1941 and 86-2005 were timely filed after the May 5, 1986 final judgment. These two appeals appropriately bring the same two issues before the court