Cleo **MITCHELL, on her own behalf, and on behalf of her minor children, and all others similarly situated, Plaintiff–Appellee,**

v.

Regina **LIPSCOMB, Commissioner of the West Virginia Department of Human Services; William L. Roper, M.D., Administrator, U.S. Health Care Finance Administration; Otis R. Bowen, Secretary, Department of Health and Human Services, Defendants–Appellants.**

No. 87–2191.

United States Court of Appeals, Fourth Circuit.

Argued May 2, 1988.

Decided July 15, 1988.

James R. Goeser, Washington, D.C., (Beverly Dennis, III, Chief Counsel, Diane C. Moskal, Asst. Regional Counsel, Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, Pa., Michael W. Carey, U.S. Atty., Gary E. Pullin, Asst. U.S. Atty., Charleston, W. Va. on brief), for defendants-appellants.

John C. Purbaugh (West Virginia Legal Services Plan, Inc., Bruce G. Perrone, Legal Aid Society of Charleston, Charleston, W. Va., on brief), for plaintiff-appellee.

Before CHAPMAN and WILKINS, Circuit Judges, and GORDON, Senior District Judge from the Middle District of North Carolina, sitting by designation.

CHAPMAN, Circuit Judge:

The Secretary of Health and Human Services and the Administrator of its component, the Health Care Finance Administration, appeal the order of the United States District Court for the Southern District of West Virginia granting summary judgment to the plaintiffs in this class action. West Virginia's Medicaid program follows the Secretary's policy interpretation directing the inclusion of siblings and their income in the filing unit when determining the Medicaid eligibility of the unit. The district court held that the inclusion of sibling income when determining Medicaid eligibility violates 42 U.S.C. § 1396a(a)(17)(B) & (D) (1982). We agree and affirm.

I

States participating in the Medicaid program must provide benefits to the "categorically needy," which includes all recipients of cash assistance under Aid to Families with Dependent Children ("AFDC"). 42 U.S.C. § 1396a(a)(10)(A)(i) (1982). The Secretary's regulations provide that the financial eligibility requirement of a state's AFDC plan are to be used to determine a filing unit's eligibility for Medicaid as "categorically needy." 42 C.F.R. § 435.711 (1987).

The standards used in determining Medicaid eligibility are set forth in 42 U.S. C. § 1396a(a)(17). That section provides in part that a state's plan for medical assistance must

include reasonable standards ... for determining eligibility for and the extent of medical assistance under the plan which

\* \* \* \* \* \*

(B) provide for taking into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, available to the applicant or recipient and

\* \* \* \* \* \*

(D) do not take into account the financial responsibility of any individual for any applicant or recipient for assistance under the plan unless such applicant or recipient is such individual's spouse or such individual's child who is under 21 or ... is blind or permanently and totally disabled ...

The corresponding regulation provides that

[e]xcept for a spouse of an individual or a parent for a child who is under age 21 or blind or disabled, the agency must not—

(1) Consider income and resources of any relative available to an individual ...

42 C.F.R. § 435.602(a) (1987).

The Deficit Reduction Act of 1984, Pub. L. No. 98–369, 98 Stat. 1145 (1984), amended the AFDC financial eligibility requirements to require that siblings residing within an AFDC household be included, along with their income, in the AFDC filing unit for eligibility and grant amount purposes. 42 U.S.C. § 602(a)(38) (Supp. III 1985). The Secretary issued an interpretation directing that inclusion of siblings and their income in the filing unit is not prohibited under 42 U.S.C. § 1396a(a)(17) and therefore should be considered in determining the Medicaid eligibility of the unit. West Virginia follows this policy interpretation of the Secretary.

As a result of the inclusion of sibling income in the filing unit to determine financial eligibility for Medicaid, Mitchell was denied participation in West Virginia's Medicaid program. Mitchell filed this suit, later stipulated as a class action, to enjoin implementation of the Secretary's policy and seek a declaration that this policy impermissibly conflicts with federal law.

## II

Lengthy analysis of this question is unnecessary, since we join the other circuits that have considered the issue and concluded that 42 U.S.C. § 1396a(a)(17) precludes the Secretary from requiring states to include siblings and their income in determining the Medicaid eligibility of the filing unit. *Georgia Dep't of Med. Assistance v. Bowen*, 846 F.2d 708 (11th Cir.1988); *Childress v. Bowen*, 833 F.2d 231 (10th Cir. 1987); *Olson v. Norman*, 830 F.2d 811 (8th Cir.1987); *Reed v. Blinzinger*, 816 F.2d 296 (7th Cir.1987); *Vance v. Hegstrom*, 793 F.2d 1018 (9th Cir.1986). The Sixth Circuit, by an evenly divided en banc court, affirmed the District Court of the Western District of Michigan which reached the same result as the above cases. *Sundberg v. Mansour*, 847 F.2d 1210 (6th Cir.1988), *aff'g*, 627 F.Supp. 616 (W.D.Mich.1986).

While the Secretary has broad authority under subsection (a)(17)(B) to prescribe standards setting Medicaid eligibility requirements, subsection (a)(17)(D) imposes limitations on the Secretary's authority. We must assume that Congress was aware of these limitations when it passed the Deficit Reduction Act of 1984 amending the AFDC financial eligibility requirements, and chose not to change the eligibility requirements for medical assistance. Therefore, the district court is

*AFFIRMED.*