Contessa CHILDRESS, et al., Plaintiffs,

v.

Louis SULLIVAN, The Secretary of
Health and Human Services, et
al., Defendants.

Civ. A. No. 85–Z–1459.

United States District Court,
D. Colorado.

June 25, 1990.*

John Whitehouse Cobb, Roper, Mains, Cobb & Campbell, Boulder, Colo., Jacquelyn Higinbotham, Colorado Rural Legal Services, Inc., Fort Morgan, Colo., Brian Patrick Lawlor, Colorado Rural Legal Services, Inc., R. Eric Solem, Legal Aid Society of Metropolitan Denver, Denver, Colo., for plaintiffs.

Chalk Mitchell, Asst. U.S. Atty., Denver, Colo., for Louis B. Sullivan.

Kathryn A. Stumm, First Asst. Atty. Gen., Vivianne Chaumont Oates, Asst. Atty. Gen., Human Resources Section, Denver, Colo., for George Goldstein.

## ORDER AWARDING ATTORNEYS' FEES

WEINSHIENK, District Judge.

This matter is before the Court on Plaintiff's Application For Attorneys' Fees And Expenses. The Court has read the Application and its attachments, the supplemental applications, and the responses, and now determines that oral argument would not

* Editor's Note: Order awarding additional attorneys' fees was filed Aug. 16, 1990 and will be published.

be of material assistance in rendering a decision.

Plaintiff is seeking attorneys' fees and expenses against the federal government pursuant to the Equal Access To Justice Act (EAJA), 28 U.S.C. § 2412(d). Plaintiff previously entered into a settlement agreement regarding attorneys' fees with the state defendants for $10,000.00. Plaintiff qualifies for an attorneys' fees award under the EAJA only if the United States' position in the litigation was not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(B).

■ The underlying complaint in this action sought review of the Secretary of Health and Human Services' (Secretary) denial of plaintiffs' eligibility for Aid to Families with Dependent Children (AFDC) benefits. The denial was based upon sibling income received in the form of child support payments which raised plaintiffs' overall income to a level such that plaintiffs were no longer eligible for benefits. *See* 42 U.S.C. § 602(a)(38) (Supp.1984). The plaintiffs also contested the loss of their statutory entitlement to Medicaid benefits which was a further consequence of the loss of AFDC benefits. This Court granted summary judgment in favor of the defendants on the AFDC issues and granted summary judgment in favor of the plaintiffs on the Medicaid issue. The Tenth Circuit affirmed this Court's rulings in all respects. *See Childress v. Bowen*, 833 F.2d 231 (10th Cir.1987). Plaintiff is a "prevailing party" only on the Medicaid issue, and attorneys' fees are sought on that issue alone. *See* 28 U.S.C. § 2412(d)(1)(A).

This Court's ruling on the Medicaid issue, and the Tenth Circuit's subsequent affirmation of that ruling, both followed a long line of uniform holdings by United States Courts Of Appeals in the Sixth, Seventh, Eighth, and Ninth Circuits as well as holdings by numerous trial courts. *See, e.g., Olson v. Norman*, 830 F.2d 811 (8th Cir.1987); *Reed v. Blinzinger*, 816 F.2d 296 (7th Cir.1987); *Vance v. Hegstrom*, 793 F.2d 1018 (9th Cir.1986). The Eleventh Circuit, in an opinion addressing this same

Medicaid issue, noted that: "[t]he problem with the Secretary's litigation of its position here, however, is that the question has been addressed by a great number of courts and the Secretary's position has been uniformly rejected." *State Of Georgia Department Of Medical Assistance v. Bowen*, 846 F.2d 708, 711 (11th Cir.1988). The Eleventh Circuit went on to observe that:

> there would seem to be some point when the Government should stop trying to treat citizens differently in different circuits and repair to the Congress for an implementation of its position, if indeed the governmental agency has correctly asserted the legislative position.
>
> In cases involving statutory interpretation, principles of fairness, consistency and judicial and governmental efficiency militate against repetitious litigation.

*Id.* at 711.

Recently, the Supreme Court addressed the issue of when a position is "substantially justified" under the language of the EAJA, holding that a position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490, 504 (1988). The Supreme Court went on to state that "[t]hat is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id.* at 565, 108 S.Ct. at 2550, 101 L.Ed.2d at 504–505. The Supreme Court also pointed out that "[n]evertheless, a string of losses can be indicative [that the government's position is not substantially justified.]" *Id.* at 569, 108 S.Ct. at 2552, 101 L.Ed.2d at 507.

In the present case, the Court concludes that the Secretary's position was not substantially justified because there was no reasonable basis in law to support the Secretary in the wake of the numerous District and Appellate Court decisions which rejected his position. The case at bar presents a prime example of when a string of losses is indicative of a lack of a sub-

stantial justification for maintaining the Secretary's position. This result is reinforced by an examination of the merits of the controversy. "[T]he Secretary's position is wrong because of the plain language of 42 U.S.C. § 1396(a)(17)(D)." *State of Georgia,* 846 F.2d at 711. An award of attorneys' fees under the EAJA is therefore appropriate.

■ In determining the amount of a "reasonable" fee, the "[m]ost useful starting point ... is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). *See also Ramos v. Lamm,* 713 F.2d 546, 552 (10th Cir.1983). Plaintiffs' attorneys have requested payment for 205.95 hours in their Application. These hours are attributable to the Medicaid issue alone and the request includes time spent on preparation of the case at the District Court level, preparation of the appeal, and preparation of the attorneys' fees petitions. Defendant challenged the time requested attributable to travel and the plaintiffs agreed that the request for these hours should be withdrawn. *See Action on Smoking & Health v. CAB,* 724 F.2d 211, 223 (D.C.Cir.1984); *Wyandotte Savings Bank v. NLRB,* 682 F.2d 119, 120 (6th Cir.1982). Eliminating the hours attributable to travel reduces the total request by 6.2 hours. The Court also finds that the attendance of more than one plaintiffs' attorney at depositions and oral arguments was duplicitous and therefore unreasonable. *See Ramos,* 713 F.2d at 554. This necessitates the deduction of an additional 6.5 hours from the total request. The Court finds that the requested hours are reasonable in all other respects and that 193.25 hours were reasonably expended by plaintiffs' attorneys on this litigation. The Court will not allow additional attorneys' fees for the filing of the Supplemental Application.

■ Plaintiffs' attorneys have requested hourly rates ranging between $100.00 and $125.00 per hour. The EAJA mandates that:

attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The Supreme Court has interpreted the "qualified for the proceedings" clause very narrowly:

We think it refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of general lawyerly knowledge and ability useful in all litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.

*Pierce,* 487 U.S. at 572, 108 S.Ct. at 2554, 101 L.Ed.2d at 509. The Court finds that no increase in the $75.00 per hour rate is warranted based on the "qualified for the proceedings" clause because the "distinctive knowledge or specialized skill" envisioned by the Supreme Court was not necessary in this litigation.

The plaintiffs have also requested that the $75.00 per hour rate be adjusted for the cost of inflation since the EAJA was originally enacted in 1981. The Court finds that a ten percent increase in the $75.00 per hour rate is warranted based on the rise in the cost of inflation and that $82.50 per hour is a sufficient rate for this litigation. *See Headlee v. Bowen,* 869 F.2d 548, 552 (10th Cir.1989). The overall attorneys' fees award will then be 193.25 hours at $82.50 per hour for a total of $15,943.00. This amount will be reduced by the $10,000.00 that plaintiffs' attorneys have already received from the state defendants for a final award of $5,943.00. The Court finds that this is a reasonable fee.

■ Finally, plaintiffs have requested that they be awarded expert fees incurred in the preparation of their attorneys' fees petitions. The Court concludes that such fees are not permissible under the EAJA as the EAJA only permits the collection of expert fees that are "necessary for the

preparation of the party's case." 28 U.S.C. § 2412(d)(2)(A). Therefore, it is

ORDERED that Plaintiffs' Application For Attorneys' Fees And Expenses is granted. It is

FURTHER ORDERED that defendant the Secretary of Health and Human Services shall pay plaintiffs' attorneys $5,943.00 for attorneys' fees incurred in the prosecution of this cause of action.